■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL S. CRUWYS, Appellant.—Main, J. (1) Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered March 21, 1984, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the first degree, and (2) motion to dismiss appeal as frivolous.

Defendant was indicted for criminal possession of stolen property in the first degree and criminal possession of a weapon in the third degree. As part of a plea agreement whereby County Court was to sentence defendant to 2 to 4 years' imprisonment, defendant pleaded guilty to criminal possession of stolen property in the first degree. On March 21, 1984, defendant was sentenced to a prison term of 2 to 4 years, which he is currently serving. On this appeal, the sole issue raised by defendant is that the sentence is excessive and should be modified.

Defendant was permitted to plead guilty to the first count of the two-count indictment and was sentenced in strict accordance with the negotiated plea bargain. Since the sentencing court did not abuse its discretion in sentencing defendant, we will not disturb the sentence imposed *(see, People v Donnelly,* 103 AD2d 941, 942-943).

In connection with this appeal, a motion was made by the People to dismiss the appeal as frivolous. We deny that motion, which was opposed by assigned counsel, but take this occasion to review the procedure to be followed in a criminal appeal which assigned counsel believes to be frivolous. In the past, we have followed the guidelines set forth by the United States Supreme Court in *Anders v California* (386 US 738; *see, People v Kastenhuber,* 94 AD2d 932), and we are satisfied that the interests of indigent defendants are protected by that procedure. For the benefit of assigned counsel, we briefly restate the governing principles and rules to be followed.

After assignment, counsel should promptly take steps to obtain the stenographic transcripts and to consult with his client and with trial counsel. If counsel determines, after making a diligent and conscientious examination of the record, that the appeal is frivolous, he may so advise the court and make application to be relieved of his assignment. Such application must be accompanied by a brief reciting the underlying facts and raising all points which may arguably provide a basis for appeal, with references to the record and citation of applicable legal authorities. Counsel shall furnish a copy of his brief to defendant, who will be given an opportunity to study the brief and to submit any additional points.

The court will then examine all of the proceedings to determine whether the appeal is frivolous. If it so finds, it will affirm the judgment of conviction and grant counsel's application to be relieved of his assignment. On the other hand, if the court finds any arguable merit to the appeal, it will appoint new counsel to represent defendant prior to decision. If, however, an immediate decision appears justified or necessary, the court may decide the appeal on the record and briefs before it *(see, People v Gonzalez,* 47 NY2d 606; *People v Crawford,* 71 AD2d 38, 38-39; *People v Saunders,* 52 AD2d 833).

Motion to dismiss appeal denied.

Judgment affirmed. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.