(May 28, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL E. SMITH, Appellant. [598 NYS2d 586] —Motion by Albany County Public Defender to be relieved of assignment to represent appellant on the ground that appellant waived his right to appeal as part of his plea bargain.

Motion denied. In *People v Callahan* (80 NY2d 273) the Court of Appeals made clear that a defendant's waiver of the right to appeal does not deprive this Court of subject matter jurisdiction *(supra,* at 284). Moreover, the Court held that the proper disposition of an appeal taken following such a waiver is not dismissal of the appeal but rather "affirmance predicated on the absence of any reviewable issues that have not been superseded by the waiver" *(supra,* at 285). In order to assist the court in determining whether any reviewable issues have survived the waiver, assigned counsel in these cases should follow essentially the same procedure as that established in *People v Cruwys* (113 AD2d 979), wherein counsel sought to be relieved on the ground the appeal was frivolous. Specifically, counsel must file in support of the application to be relieved a brief which sets forth the underlying facts and raises any issues which may arguably have survived the waiver, with references to the record and citation of applicable legal authorities *(see, People v Cruwys, supra,* at 980). Weiss, P. J., Mikoll, Yesawich Jr., Crew III and Harvey, JJ., concur.