■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER RHODES, Appellant. [666 NYS2d 355] —Peters, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered February 5, 1997, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

In December 1996, defendant was arraigned before County Court, represented by the Public Defender's office which continued representation through a waiver of indictment, entry of a plea and sentencing. Upon the entry of the plea, County Court advised both the People and defendant that despite their agreed-upon sentence of incarceration of 2 to 4 years, it would not be bound by that agreement.

At sentencing, a complete presentence investigation report was not available to County Court due to defendant's lack of cooperation. Defense counsel did not move to vacate the plea, provide any explanation concerning defendant's lack of cooperation with the Probation Department or request an adjournment of the sentencing. The court imposed a sentence of $3^{1}/_{2}$ to 7 years.

Upon this appeal, defendant is again represented by the Public Defender's office which asserts that since there are no nonfrivolous issues to be raised, it should be relieved from representing defendant (*see, People v Cruwys*, 113 AD2d 979, *lv denied* 67 NY2d 650). Defendant has not submitted a *pro se* brief.

Where nonfrivolous arguments for reversal or modification of a defendant's conviction exist and appellate counsel submits a brief requesting to be relieved of his or her assignment, a denial of the defendant's constitutional right to effective assistance of appellate counsel is manifest (*People v Moore*, 239 AD2d 708; *People v Spinks*, 234 AD2d 985). Without determining whether the filing of an *Anders* brief (*see, Anders v California*, 386 US 738) by the Public Defender's office at the appellate level, after

having represented a defendant at the trial level, is an inherent conflict of interest, we reiterate the caution propounded by Chief Judge Fuld in *People v Emmett* (25 NY2d 354) that "[t]here is no substitute for the single-minded advocacy of appellate counsel. Experience has demonstrated that they not infrequently advance contentions which might otherwise escape the attention of judges of busy appellate courts, no matter how conscientiously and carefully those judges read the records before them" (*id.*, at 356).

Concluding that it is necessary that independent counsel take a fresh look at this proceeding so as to assess whether any nonfrivolous issues, including a claim of ineffective assistance in connection with the representation of defendant before the sentencing court, should be raised, we hereby relieve defense counsel of this assignment (*see, People v Casiano*, 67 NY2d 906).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.