■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES D. HUND, Appellant. [669 NYS2d 960] —Peters, J. Appeal from a judgment of the County Court of Sullivan County (Sheridan, J.), rendered May 15, 1996, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Defendant pleaded guilty to the crime of burglary in the third degree in full satisfaction of a nine-count indictment and a pending charge in the Town of Bethel Town Court and was sentenced to a prison term of 2 to 6 years. Defendant was represented before County Court by assigned counsel, the Sullivan Legal Aid Bureau (hereinafter Legal Aid), the same organization which now represents him as assigned counsel on this appeal.

The record reveals that, prior to the entry of his plea, defendant wrote to County Court about the adequacy of his representation by assigned counsel. At sentencing, he unsuccessfully attempted to withdraw his plea, contending, *inter alia*, that it was the result of threats. Purportedly, upon this appeal, Legal Aid wrote to and met with defendant who indicated that he might seek to contend that his plea was coerced and that counsel failed to provide adequate assistance. Based thereon, Legal Aid appropriately advised him that if he wished to pursue these issues, Legal Aid could not represent him on ap-

peal. Thereafter, defendant failed to respond to Legal Aid's repeated written requests for his decision concerning those issues he sought to raise on appeal and, thus, its role as appellate counsel. Regrettably, these letters have neither been provided to the Court nor has defendant filed a *pro se* brief.

Legal Aid thereafter submitted an *Anders* brief in which it contends that there are no nonfrivolous issues which would merit an appeal, and seeks to be relieved of its assignment as counsel for defendant (*see, Anders v California*, 386 US 738; *People v Cruwys*, 113 AD2d 979, *lv denied* 67 NY2d 650). As nonfrivolous issues could be raised concerning the circumstances underlying the plea, "it is necessary that independent counsel take a fresh look at [the] proceeding" (*People v Rhodes*, 245 AD2d 844, 845). Under these circumstances, new counsel will be assigned to represent defendant on this appeal and defense counsel's application to be relieved shall be granted.

Cardona, P. J., Crew III, White and Spain, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.