■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY J. BENNETT, Appellant. [683 NYS2d 307] —Graffeo, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered September 19, 1997, which revoked defendant's probation and imposed a term of imprisonment.

Defendant was sentenced to a five-year term of probation as a result of his conviction of burglary in the third degree. Subsequently, a petition for a violation of probation was filed, alleging that defendant failed to submit to an alcohol and drug evaluation and failed to obtain permission from the probation department before relocating outside Sullivan County. Defendant pleaded guilty to the probation violation pursuant to a plea agreement, with the understanding that he would receive a 1 to 5-year sentence of imprisonment. However, County Court allowed him to withdraw his guilty plea at his sentencing and a hearing was scheduled.

After the filing of the probation violation and before his hearing, defendant was arrested for criminal impersonation in the second degree and another petition for violation of probation was filed asserting, *inter alia*, that defendant failed to report to his probation officer on numerous dates, failed to complete substance abuse treatment, failed to notify the probation department of a change of address, failed to complete the 150 hours of his community service sentence, and that defendant was convicted of resisting arrest in connection with the criminal impersonation charge. Shortly after the commencement of his hearing, defendant pleaded guilty to both probation violation petitions and acknowledged his failure to complete the alcohol and drug rehabilitation and community service conditions of his probation and confirmed that he had tested positively for the presence of marihuana. At sentencing, defendant presented testimony from three witnesses in an attempt to convince County Court to sentence him to probation and rehabilitation. Citing defendant's criminal record, his multiple violations of conditions of probation and his failure to complete rehabilitation programs, County Court sentenced defendant to 1 to 5 years' imprisonment.

Defense counsel seeks to be relieved of her assignment as counsel for defendant on the ground that there are no nonfrivolous issues that can be raised on appeal. Upon review of the record and defense counsel's brief, we conclude that defendant entered a knowing, voluntary and intelligent plea of guilty to the violations of probation. Accordingly, we affirm the judgment and defense counsel's application for leave to withdraw is granted (*see, People v Cruwys*, 113 AD2d 979, *lv denied* 67 NY2d 650).

Cardona, P. J., Mercure, Crew III and Spain, JJ., concur. Ordered that the judgment is affirmed, and application to be relieved of assignment granted.