■ In the Matter of I-KEME RR., a Child Alleged to be Neglected. ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEBRA RR., Respondent; LEE RR., Appellant. [691 NYS2d 368] —Appeal from an order of the Family Court of Albany County (Tobin, J.), entered June 5, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be neglected.

Respondent is the mother and Lee RR. is the father of I-Keme RR., who was adjudicated to be neglected by respon-

dent* on the basis of evidence establishing respondent's neglect in providing adequate nutrition and access to medical care for I-Keme, who suffers from several serious medical conditions including, *inter alia*, cerebral palsy, developmental delays and a serious opthalmological condition requiring vigilant medical supervision and follow-up care. Based on the evidence presented, which detailed petitioner's efforts to assist the parents, Family Court deemed it to be in I-Keme's best interest to, *inter alia*, place him in foster care for a period of two months to ensure a period of sustained assessment and medical treatment. I-Keme was returned home in September 1997. On this appeal by Lee RR., his counsel asserts that there are no nonfrivolous issues to be raised on appeal. Upon our review of the record and the brief submitted by respondent's counsel, we agree. Accordingly, we affirm Family Court's order and relieve Lee RR.'s counsel of her assignment (*see, e.g., Matter of Kaleb U.*, 251 AD2d 923; *see also, People v Cruwys*, 113 AD2d 979, *lv denied* 67 NY2d 650).

Mercure, J. P., Crew III, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs, and application to be relieved of assignment granted.

---

* A separate neglect proceeding brought against Lee RR. was ultimately dismissed. Although not contained in the order on appeal, Family Court's written decision dated June 2, 1997 references an order of protection against Lee RR. as a nonparty parent pursuant to Family Court Act § 1054.