■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PENNY S. VAN SICKLE, Appellant. [740 NYS2d 248] —Lahtinen, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered January 12, 2001, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

At an appearance before County Court scheduled for the purpose of conducting suppression hearings but before the hearings had commenced, defendant pleaded guilty to the crime of criminal possession of a controlled substance in the third degree. The plea was entered in full satisfaction of the pending two-count indictment and another unindicted charge, with the People's recommendation that defendant should receive an indeterminate prison sentence of 5 to 10 years and that the sentence should run concurrently with any sentence imposed as a result of a probation violation proceeding pending in another county. Defendant was thereafter sentenced in accordance with the terms of the plea agreement.

Defense counsel seeks to be relieved of his assignment as appellate counsel for defendant on the ground that there are no nonfrivolous issues that can be raised on appeal. Defendant's pro se brief, however, challenges her sentence of 5 to 10 years as excessive and she appears to question her trial counsel's failure to conduct the scheduled suppression hearings which she claims caused her to "blindly enter" a guilty plea. We find nothing in the record that indicates that defendant's appellate counsel consulted with either defendant or trial counsel to attempt to develop these issues nor do we find that counsel's

brief adequately addressed those issues by appropriate references to the record or citation of applicable legal authority (see, *People v Stokes*, 95 NY2d 633; *People v Cruwys*, 113 AD2d 979, *lv denied* 67 NY2d 650). Accordingly, we will grant counsel's application to be relieved of his assignment and assign new counsel to take a fresh look at the proceeding (see, *People v Rhodes*, 245 AD2d 844, 845).

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.