■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH J. SNYDER, Appellant. [781 NYS2d 920]—Appeals (1) from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered March 10, 2003, convicting defendant upon his plea of guilty of the crime of rape in the second degree, (2) from a judgment of said court, rendered March 10, 2003, convicting defendant upon his plea of guilty of the crime of arson in the third degree, and (3) from a judgment of said court, rendered March 10, 2003, convicting defendant upon his plea of guilty of the crime of sodomy in the second degree.

Defense counsel seeks to be relieved of his assignment as counsel for defendant on the ground that there are no nonfrivolous issues that can be raised on these appeals. The record establishes that defendant waived his right to appeal and pleaded guilty to the crimes of rape in the second degree, sodomy in the second degree and arson in the third degree in satisfaction of three separate indictments and various other pending charges with the understanding that he would be sentenced as a second felony offender to concurrent prison terms of $3^{1}/_{2}$ to 7 years on the sodomy conviction, $3^{1}/_{2}$ to 7 years on the rape conviction and $4^{1}/_{2}$ to 9 years on the arson conviction. However, upon sentencing on his plea of guilty to the arson count, defendant was ordered to pay restitution in the amount of $10,991.92 and judgment was entered against him in that amount. Defendant's pro se brief challenges the court-ordered restitution and the record contains no mention of restitution or the amount thereof until County Court imposed the sentence. Because the record reveals an issue that cannot be characterized as "wholly frivolous," defense counsel's application for leave to withdraw is granted and new counsel will be assigned to address any issues which the record may disclose (*see People v Stokes*, 95 NY2d 633 [2001]; *People v Cruwys*, 113 AD2d 979 [1985], *lv denied* 67 NY2d 650 [1986]).

Cardona, P.J., Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.