■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WILLIAMS, Appellant. [809 NYS2d 601]—Appeal from a judgment of the Supreme Court (Sheridan, J.), rendered June 10, 2002 in Essex County, upon a verdict convicting defendant of the crimes of assault in the second degree (three counts) and obstructing governmental administration.

Defendant was charged in an indictment with three counts of assault in the second degree and one count of obstructing governmental administration as the result of a physical altercation he had with three correction officers on September 13, 2001 while confined in a state correctional facility. Following a jury trial, he was found guilty of all charges. Defendant was thereafter sentenced as a second felony offender to five years in prison for each count of assault and one year in prison for obstructing governmental administration, to run concurrently to one another and consecutively to his underlying prison term. He appeals.

Defense counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Defendant has filed a pro se submission challenging, among other things, the sufficiency of the evidence supporting the guilty verdict and the effectiveness of trial counsel. Based upon our review of the record and defendant's submission, we conclude that there are issues of "arguable merit" (*People v Cruwys*, 113 AD2d 979, 980, [1985], *lv denied* 67 NY2d 650 [1986]; *see People v Stokes*, 95 NY2d 633, 637 [2001]), including whether the guilty verdict is supported by legally sufficient evidence (*see e.g. People v Stokes*, 290 AD2d 71 [2002], *lv denied* 97 NY2d 762 [2002], *cert denied* 537 US 859 [2002]). Accordingly, without passing judgment on the merits of any potential issues, defense counsel's request to be relieved of assignment is granted and new appellate counsel shall be appointed to address any nonfrivolous issues which the record may disclose.

Mercure, J.P., Peters, Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.