■ The People of the State of New York, Respondent, v
Steven P. Baildon, Sr., Appellant. [817 NYS2d 451]—Appeal from
a judgment of the County Court of St. Lawrence County (Rog-
ers, J.), rendered August 1, 2005, convicting defendant upon his
plea of guilty of the crime of attempted burglary in the second
degree.

On September 30, 2004, an indictment was handed up charg-
ing defendant with the crimes of burglary in the second degree
and criminal possession of stolen property in the fourth degree
following a police investigation into the July 22, 2003 burglary
of a private home. After the police located defendant in an Indi-
ana jail, he was extradited to New York and was arrested on
December 5, 2004. In January 2005, defendant's assigned
counsel moved to dismiss the indictment on the ground, among
others, that defendant was denied his statutory right to a speedy
trial (see CPL 30.30). County Court denied the motion. Thereaf-
ter, defendant pleaded guilty to attempted burglary in the
second degree and, in exchange, was to be sentenced as a second
felony offender to three years in prison and five years of
postrelease supervision. As part of the plea agreement, defen-
dant executed a general waiver of the right to appeal. Defen-
dant was sentenced in accordance with the terms of the plea
agreement and he now appeals.

Defense counsel has made an application to be relieved of his
assignment of representing defendant on appeal. He concedes,
however, that there are issues of potential merit, including a
violation of defendant's speedy trial rights, which are not
encompassed by defendant's waiver of his right to appeal. In
view of this, and given that our review of the record reveals the
existence of issues that cannot be characterized as wholly frivo-
lous (see People v Stokes, 95 NY2d 633, 637 [2001]; People v
Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650
[1986]), we grant defense counsel's application to withdraw and
assign new counsel to represent defendant on appeal to address
any issues that the record may disclose.

Crew III, J.P., Carpinello, Mugglin, Rose and Kane, JJ., concur.
Ordered that the decision is withheld, application to be relieved
of assignment granted and new counsel to be assigned.