■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMEL WALKER, Also Known as RAMEL MATTHEWS, Appellant. [816 NYS2d 917]—Appeal from a judgment of the County Court of Otsego County (Coccoma, J.), rendered May 19, 2003, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree. Although the terms of the negotiated plea called for a waiver of defendant's right to appeal, the record fails to establish that defendant, either during the plea colloquy or in writing, waived his right to appeal. Defendant was sentenced in accordance with the plea agreement to a prison term of 3 to 9 years with a recommendation that he be permitted to participate in a shock incarceration program. Appellate counsel for defendant now seeks to be relieved of his assignment on the ground that there are no nonfrivolous issues that can be raised on appeal. Upon our review of the record, we discern at least one appellate issue of arguable merit relating to the validity and scope of the waiver of the right to appeal (*see People v Lopez*, 6 NY3d 248, 256-257 [2006], *revg People v Billingslea*, 16 AD3d 516 [2005]; *People v Callahan*, 80 NY2d 273, 280, 283 [1992]). If no enforceable waiver of the right to appeal exists, defendant could challenge whether the agreed-upon sentence was harsh and excessive (*see People v Lopez, supra* at 253-254, 257). Inasmuch as we cannot conclude that raising such a challenge would be "wholly frivolous," and without making any finding as to the ultimate merit of such issue, the application of defendant's current counsel to be relieved of his assignment is granted and new counsel will be assigned to address any issue that the record may disclose (*see People v Stokes*, 95 NY2d 633, 636 [2001]; *People v Cruwys*, 113 AD2d 979, 980 [1985], *lv denied* 67 NY2d 650 [1986]).

Cardona, P.J., Mercure, Peters, Spain and Carpinello, JJ.,

concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.