■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE A. SCHERMERHORN, Appellant. [817 NYS2d 922]—Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered October 28, 2004, convicting defendant upon his plea of guilty of two counts of the crime of driving while intoxicated.

Pursuant to a two-count indictment charging defendant with driving while intoxicated and based upon the representation that defendant had not previously benefitted from any substance abuse treatment program, the initial plea agreement required defendant to plead guilty to driving while intoxicated in exchange for a split sentence of 90 days in jail plus probation. When it was discovered that defendant had previously participated in a chemical dependency program, the plea offer was withdrawn. Thereafter, defendant pleaded guilty to the entire indictment and, although he was informed of the sentencing range permitted, County Court made no sentencing commitment with respect to the sentence to be imposed. Defendant was ultimately sentenced to a concurrent prison term of 2 to 6 years. On appeal, assigned counsel for defendant seeks to be relieved of his assignment on the ground that there are no nonfrivolous issues that can be raised on appeal. Upon our review of the record, we discern at least one potential nonfrivolous issue of "arguable merit" (*People v Cruwys*, 113 AD2d 979, 980 [1985], *lv denied* 67 NY2d 650 [1986]; *see People v Stokes*, 95 NY2d 633 [2001]), as to whether the sentence imposed was harsh and excessive. Accordingly, we will grant appellate counsel's application to be relieved of his assignment and will assign new counsel to represent defendant on appeal to raise any issues that the record may reveal (*see People v Stokes, supra*; *People v Cruwys, supra*).

Mercure, J.P., Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.