(May 24, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN J. VELASQUEZ, Appellant. [834 NYS2d 674]—Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered March 3, 2006, convicting defendant upon his plea of guilty of the crimes of assault in the second degree and robbery in the third degree.

Defendant pleaded guilty to assault in the second degree and robbery in the third degree in satisfaction of two accusatory instruments charging him with unrelated crimes. Under the terms of the plea agreement, he waived his right to appeal and was to be sentenced on the assault conviction to two years in prison, to be followed by one year of postrelease supervision, and on the robbery conviction to $2\frac{1}{3}$ to 7 years in prison, which sentences were to run concurrently. Defendant was sentenced accordingly. He was resentenced, after declining to withdraw his plea, after it was discovered that the proper term of postrelease supervision to be imposed on the assault conviction was $1\frac{1}{2}$ years. He now appeals.

Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Based upon our review of the record and counsel's brief, we agree. Accordingly, the judgment is affirmed and counsel's application for leave to withdraw is granted (*see People v Cruwys*, 113 AD2d 979 [1985], *lv denied* 67 NY2d 650 [1986]; *see generally People v Stokes*, 95 NY2d 633 [2001]).

Cardona, P.J., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, and application to be relieved of assignment granted.