■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RICH, Appellant. [834 NYS2d 673]—Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered June 27, 2003, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree, petit larceny, criminal mischief in the third degree and criminal possession of a weapon in the third degree.

Defendant was charged with various crimes in three separate accusatory instruments and, in satisfaction thereof, pleaded

guilty to burglary in the second degree, criminal mischief in the third degree and petit larceny. He waived his right to appeal as part of his plea. Under the terms of the plea agreement, defendant was sentenced to interim probation and, after the successful completion of the first year, he was to be granted youthful offender status and given felony probation for five years. He was advised that if he did not successfully complete the first year of interim probation, he would be sentenced to a lengthy prison term.

Defendant was subsequently charged with violating the terms of his interim probation as well as the crime of criminal possession of a weapon in the third degree. He pleaded guilty to these charges and was sentenced, as agreed upon, to six years in prison, to be followed by five years of postrelease supervision, on his conviction of burglary in the second degree, to 360 days in jail on his conviction of criminal mischief in the third degree, and to two years in prison, to be followed by three years of postrelease supervision, on his conviction of criminal possession of a weapon in the third degree, all to run concurrently. Defendant appeals.

Appellate counsel seeks to be relieved of the assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Based upon our review of the record, we disagree. Without passing judgment on the virtue of the case, we are of the view that there is at least one issue of arguable merit related to the severity of the sentence (*see People v Smith*, 32 AD3d 553, 553-554 [2006]; *People v Cruwys*, 113 AD2d 979 [1985], *lv denied* 67 NY2d 650 [1986]). Accordingly, appellate counsel is relieved of this assignment and new counsel will be appointed to address this issue and any others that the record may disclose (*see People v Stokes*, 95 NY2d 633 [2001]; *People v Cruwys, supra*).

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.