■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JHON ESTREME, Appellant. [842 NYS2d 101]—Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered April 1, 2005, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the fifth degree and criminal use of drug paraphernalia in the second degree.

In satisfaction of a six-count indictment, defendant pleaded guilty to criminal possession of a controlled substance in the fifth degree and criminal use of drug paraphernalia in the second degree. Under the terms of the plea agreement, he was to be sentenced as a second felony offender to concurrent terms of 3½ to 7 years in prison and one year in jail, respectively. Before defendant was sentenced, the laws regarding sentencing for drug felonies were changed and, as a result, the prosecution agreed to the imposition of a lesser sentence. Consequently, on

the charge of criminal possession of a controlled substance in the fifth degree, County Court sentenced defendant to 3¹/₂ years in prison, to be followed by two years of postrelease supervision. On the charge of criminal use of drug paraphernalia in the second degree, County Court sentenced defendant to a conditional discharge. Defendant appeals.

Appellate counsel seeks to be relieved of her assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Based upon our review of the record, we disagree. Inasmuch as defendant could have received an even shorter prison sentence under the recent drug law amendments (*see* Penal Law § 70.70 [3] [b] [iii]), we are of the view that there is at least one issue of arguable merit pertaining to the severity of the sentence (*see People v Smith*, 32 AD3d 553, 553-554 [2006]; *People v Cruwys*, 113 AD2d 979 [1985], *lv denied* 67 NY2d 650 [1986]). Thus, without passing judgment on the ultimate merit of this issue, appellate counsel is relieved and new counsel will be appointed to address this issue and any others that the record may disclose (*see People v Stokes*, 95 NY2d 633 [2001]; *People v Cruwys, supra*).

Cardona, P.J., Peters, Spain, Rose and Kane, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.