■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAM PARKER, Appellant. [852 NYS2d 852]—

Defendant pleaded guilty to burglary in the second degree and waived his right to appeal. The record of County Court's colloquy shows that the court adequately explained the significance of his waiver separate and apart from the rights forfeited in his plea of guilty and defendant executed a written waiver of his right to appeal in open court. He was thereafter sentenced to four years in prison and three years of postrelease supervision. Defendant now appeals.

Defendant's appellate counsel seeks to be relieved of his assignment on the basis that there are no nonfrivolous issues to be raised on appeal. Based upon our review of the record and counsel's brief, we agree. Defendant entered a voluntary, knowing and intelligent guilty plea and validly waived his right to appeal. Accordingly, the judgment is affirmed and counsel's request for leave to withdraw is granted (*see People v Cruwys*, 113 AD2d 979 [1985], *lv denied* 67 NY2d 650 [1986]; *see generally People v Stokes*, 95 NY2d 633 [2001]).

Mercure, J.P., Peters, Spain, Carpinello and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, and application to be relieved of assignment granted.