(September 18, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAKEEM HARDEN, Appellant. [864 NYS2d 578]—Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered March 14, 2006, (1) convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree and of violating the terms of his probation, and (2) which revoked defendant's probation and imposed a sentence of imprisonment.

In 2002, defendant was convicted of attempted criminal possession of a controlled substance in the fourth degree and was sentenced to five years of probation. In 2005, he was charged with criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, as well as violating the terms of his probation. A plea agreement was proposed and reviewed with defendant by County Court under which defendant would (1) plead guilty to criminal possession of a controlled substance in the fifth degree and to violating the terms of his probation in satisfaction of the indictment, the violation petition and two pending misdemeanor charges, (2) be sentenced as a second felony offender to two years in prison, to be followed by two years of postrelease

supervision, on the criminal possession charge and one year in jail on the probation violation, to run concurrently, and (3) waive his right to appeal. During the plea colloquy, County Court advised defendant of the maximum sentences that could be imposed for the crime and violation at issue and that the agreed-upon sentences would be honored only if defendant were not arrested or charged with another crime prior to sentencing. Defendant's guilty plea and admission to the violation petition were then accepted by County Court. Prior to sentencing, defendant was arrested and indicted for selling cocaine, which he admitted. Because defendant had violated the terms of the plea agreement, County Court sentenced him on the criminal possession charge to three years in prison, to be followed by two years of postrelease supervision, and to a consecutive term of 1 to 3 years in prison on the probation violation. Defendant now appeals.

Appellate counsel seeks to be relieved of her assignment to represent defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Based upon our review of the record and counsel's brief, we agree. Therefore, the judgment is affirmed and counsel's application for leave to withdraw is granted (*see People v Cruwys*, 113 AD2d 979 [1985], *lv denied* 67 NY2d 650 [1986]; *see generally People v Stokes*, 95 NY2d 633 [2001]).

Spain, J.P., Carpinello, Rose, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, and application to be relieved of assignment granted.