■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON R. GARREN, Appellant. [902 NYS2d 440]—Appeals (1) from a judgment of the County Court of Broome County (Smith, J.), rendered January 11, 2007, convicting defendant upon his plea of guilty of the crimes of possessing a sexual performance by a child (five counts) and promoting a sexual performance by a child (four counts), and (2) from a judgment of said court, rendered March 26, 2008, (i) convicting defendant upon his plea of guilty of the crime of failure to register under the Sex Offender Registration Act and of violating the terms of his probation, and (ii) which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant pleaded guilty to an indictment charging him with numerous crimes arising out of his downloading of child pornography from the Internet. County Court sentenced him to a jail term of six months and probation of 10 years, which was within the agreed upon sentencing range. As a result of that conviction, defendant was subject to the Sex Offender Registration Act (see Correction Law art 6-C). Following his release from jail, he was charged in an indictment with failing to register a change of address as required by the act, which also constituted a violation of his probation. Defendant pleaded guilty to both the probation violation and the indictment, and was sentenced, as agreed, to concurrent prison terms of 1⅓ to 4 years on each. He now appeals.

Appellate counsel requests that he be relieved of his assignment with respect to both appeals, arguing that no nonfrivolous issues exist to be raised upon appeal. Having reviewed counsel's brief, the People's response, and defendant's pro se submission, we disagree. There is at least one issue of arguable merit in each appeal pertaining to the severity of the sentences imposed. Without passing judgment on the ultimate merit of that issue, we accordingly grant counsel's applications to withdraw and assign new counsel to address that issue and any other issues that the record may disclose (see People v Lowe, 43 AD3d 1204, 1204-1205 [2007]; People v Walker, 31 AD3d 804, 804 [2006]).

Mercure, J.P., Spain, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.