THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL L. WARNER, Appellant. [932 NYS2d 391]—

Defendant was convicted following a jury trial of two counts of rape in the first degree, sexual abuse in the first degree and two counts of endangering the welfare of a child, and was sentenced to an aggregate prison term of 47 years (*People v Warner*, 69 AD3d 1052 [2010], *lv denied* 14 NY3d 894 [2010]). On appeal, this Court modified the judgment of conviction by vacating defendant's sentence because a mandatory period of postrelease supervision had not been imposed, and remitted the matter to County Court for resentencing (*id.* at 1054). Following a hearing, County Court resentenced defendant to the original term of imprisonment, to be followed by five years of postrelease supervision. Defendant appeals.

Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Upon our review of the record and defense counsel's brief, we conclude that there are issues of "arguable merit" (*People v Cruwys*, 113 AD2d 979, 980 [1985], *lv denied* 67 NY2d 650 [1986]), including whether the sentence imposed was harsh or excessive (*see People v Chandler*, 87 AD3d 756, 757 [2011]; *People v Long*, 40 AD3d 1146, 1147 [2007]). Accordingly, without passing judgment on the ultimate merit of this issue, we grant counsel's request for leave to withdraw and assign new counsel to address this issue and any others that the record may disclose (*see People v Stokes*, 95 NY2d 633 [2001]; *People v Cruwys*, 113 AD2d at 980).

1234

Mercure, J.P., Spain, Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.