■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON S. GASSNER, Appellant. [971 NYS2d 372]—

Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered May 10, 2012, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

In June 2011, defendant pleaded guilty to burglary in third degree in satisfaction of a three-count indictment. While the plea agreement discussions originally contemplated a sentence of five years of probation, after the Probation Department instead recommended a conditional discharge, in August 2011, the People revised their recommendation accordingly. Defendant, represented by counsel, agreed and signed a waiver of the right to appeal, as well as an order and conditions of conditional discharge, which provided that defendant was to "observe and obey" all laws. County Court then sentenced him to, among other things, a conditional discharge of three years.

Subsequently, in December 2011, the People filed a violation of conditional discharge due to defendant being charged with new crimes. Defendant admitted violating the terms of the conditional discharge. Defense counsel requested that defendant be sentenced to a period of probation in accordance with a February 2012 presentence investigation report. County Court noted that this report did not include further new charges and ultimately revoked the conditional discharge and resentenced defendant to a prison term of 1 to 3 years with respect to the burglary in the third degree conviction. This appeal ensued.

Appellate counsel seeks to be relieved of his assignment of representing defendant upon the ground that there are no nonfrivolous issues to be raised on appeal. Based upon our review of the record, we disagree. We discern at least one issue of arguable merit pertaining to the severity of the sentence (see *People v Wasley*, 100 AD3d 1106, 1107 [2012]). Accordingly, without passing judgment upon the ultimate merit of this issue, we grant counsel's application and assign new counsel to address this issue and any others that the record may disclose (see *People v Stokes*, 95 NY2d 633 [2001]; *People v Cruwys*, 113 AD2d 979 [1985], *lv denied* 67 NY2d 650 [1986]).

Peters, P.J., Rose, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.