■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RORY CHIN, Appellant. [980 NYS2d 847]—Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered October 4, 2012, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.

In satisfaction of a two-count indictment, defendant pleaded guilty to manslaughter in the first degree. Under the terms of the plea agreement, he was to be sentenced to 22 years in prison, to be followed by five years of postrelease supervision.* Defendant's subsequent motion to withdraw his guilty plea was denied and, after new counsel was appointed to represent him, his renewed motions to withdraw his guilty plea were also denied. In accordance with the plea agreement, defendant was eventually sentenced as a second felony offender to 22 years in prison, to be followed by five years of postrelease supervision. Defendant now appeals.

Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Based upon our review of the record, counsel's brief and defendant's pro se submission, we disagree. We find at least one issue of arguable merit pertaining to the severity of the sentence (see People v Gassner, 109 AD3d 1024, 1025 [2013]). Accordingly, without passing judgment on the ultimate merit of this issue, we grant counsel's application for leave to withdraw and assign new counsel to address this issue and any others that the record may disclose (see People v Stokes, 95 NY2d 633 [2001]; People v Cruwys, 113 AD2d 979 [1985], lv denied 67 NY2d 650 [1986]).

---

* The plea agreement was also supposed to include a waiver of defendant's right to appeal, but this condition was not made a part of the actual plea agreement.

Peters, P.J., Stein, McCarthy and Rose, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.