Appeal from a judgment of the County Court of Rensselaer County (Ceresia, J.), rendered March 2, 2012, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.
In 2002, defendant was charged in two indictments with criminal sale of a controlled substance in the third degree (seven counts) and criminal possession of a controlled substance in the third degree (seven counts). Defendant thereafter pleaded guilty to one count of attempted criminal sale of a controlled substance in the third degree, in full satisfaction of the indictments, and was sentenced to 4 to 12 years in prison. Approximately eight years later, defendant moved pursuant to CEL 440.10 to vacate his judgment of conviction on the ground that his attorney failed to advise him of the deportation consequences of his plea. With the Eeople’s consent, County Court vacated defendant’s judgment of conviction. At the same time, defendant pleaded guilty to one count of criminal possession of a controlled substance in the fourth degree, in full satisfaction of the two indictments, and waived his right to appeal. County Court thereafter sentenced defendant, in accord with the terms of the plea agreement, to 3 to 9 years in prison. This appeal ensued.*
Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Upon reviewing the record and counsel’s brief, we agree. Accordingly, the judgment is affirmed and counsel’s request for leave to withdraw is *1095 granted (see People v Ovitt, 105 AD3d 1213, 1213-1214 [2013]; People v Harden, 54 AD3d 1097, 1098 [2008]; People v Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650 [1986]).
Lahtinen, J.E, Stein, McCarthy and Egan Jr., JJ., concur.
Ordered that the judgment is affirmed, and application to be relieved of assignment granted.

 Defendant has since been deported.