### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  July 24, 2014                    105535
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

KRISTIAN WHEELER,
                        Appellant.
_____


Calendar Date:  June 9, 2014

Before:  Lahtinen, J.P., Stein, Garry, Lynch and Clark, JJ.

_____

        Claire Sullivan, Monticello, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

_____


        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered October 10, 2012, convicting defendant
upon his plea of guilty of the crime of criminal sale of a
controlled substance in the third degree.

        In satisfaction of a six-count indictment, defendant
pleaded guilty to criminal sale of a controlled substance in the
third degree.  In accordance with the plea agreement, he was
sentenced as a prior felony offender to eight years in prison, to
be followed by three years of postrelease supervision.  Defendant
appeals.

        Appellate counsel seeks to be relieved of her assignment of
representing defendant on the ground that there are no
nonfrivolous issues to be raised on appeal.  Our review of the
record reveals that defendant had a prior nonviolent felony

conviction and County Court incorrectly informed him that he faced potential sentences of up to 15 years (compare Penal Law § 70.70 [3] [b] [i] [up to 12 years where prior felony was nonviolent], with Penal Law § 70.70 [4] [b] [i] [up to 15 years where prior felony was violent]).  Since such inaccurate information is a factor when reviewing the plea (see People v Garcia, 92 NY2d 869, 870 [1998]), there is at least one nonfrivolous issue.  Therefore, without passing judgment on the ultimate merit of this issue, we grant counsel's application for leave to withdraw and assign new counsel to address this issue and any others that the record may disclose (see People v Stokes, 95 NY2d 633 [2001]; People v Cruwys, 113 AD2d 979 [1985], lv denied 67 NY2d 650 [1986]).

Lahtinen, J.P., Stein, Garry, Lynch and Clark, JJ., concur.

ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.

ENTER:

Robert D. Mayberger
Clerk of the Court