*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 6, 2015                    519408
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

DONALD R. GRIEST JR.,
                    Appellant.
_____

Calendar Date:  June 8, 2015

Before:  Peters, P.J., McCarthy, Rose and Devine, JJ.

_____

        Frank A. Sarat, Homer, for appellant.

        Mark D. Suben, District Attorney, Cortland (Elizabeth
McGrath of counsel), for respondent.

_____

        Appeal from an order of the County Court of Cortland County
(Ames, J.), rendered March 20, 2014, which classified defendant
as a risk level III sex offender pursuant to the Sex Offender
Registration Act.

        In 2008, defendant was convicted of sexual abuse in the
first degree and, following his release from prison, he was
required to register as a sex offender under the Sex Offender
Registration Act (see Correction Law art 6-C).  He was
presumptively classified as a risk level III sex offender based
upon the score on the risk assessment instrument, and the Board
of Examiners of Sex Offenders recommended that he be classified
as such.  Thereafter, a hearing was conducted before County Court
to determine the appropriate risk level classification.
Following a continuation of the hearing, the court ultimately
classified defendant as a risk level III sex offender based upon

the risk assessment instrument score.   Defendant now appeals.

Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal.   The record discloses, however, that defendant argued to County Court that he had been erroneously assessed too many points in specific risk assessment categories and, as a result, he should have been presumptively scored as a risk level II sex offender (see People v Irizarry, 89 AD3d 1246, 1247 [2011]; People v Meyer, 52 AD3d 921, 921-922 [2008]).   Without expressing any opinion on the ultimate merit of these or any other potential issues, counsel's request to be relieved of assignment is granted and new counsel shall be assigned to address any nonfrivolous issues that the record may disclose (see People v Stokes, 95 NY2d 633 [2001]; People v Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650 [1986]).

Peters, P.J., McCarthy, Rose and Devine, JJ., concur.


ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.



ENTER:

Robert D. Mayberger
Clerk of the Court