People v Torres (2018 NY Slip Op 00355)





People v Torres


2018 NY Slip Op 00355


Decided on January 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2018

107799

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
LUIS TORRES, Appellant.

Calendar Date: December 13, 2017

Before: Garry, P.J., McCarthy, Egan Jr., Clark and Rumsey, JJ.


George P. Ferro, Albany, for appellant.
James R. Farrell, District Attorney, Monticello (Meagan K. Galligan of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered July 17, 2014, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
In satisfaction of a two-count indictment, defendant pleaded guilty to criminal possession of a weapon in the second degree and waived his right to appeal. Under the terms of the plea agreement, he was to be sentenced as a second violent felony offender to anywhere from seven to 11 years in prison, to be followed by five years of postrelease supervision. Prior to sentencing, defendant absconded to Florida and a warrant was issued for his arrest. When he was returned to New York, County Court sentenced him to 8½ years in prison and five years of postrelease supervision. He now appeals.
Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Upon reviewing the record, however, we find that there is an issue of arguable merit pertaining to the validity of the waiver of the right to appeal that may impact other issues, such as the severity of the sentence (see People v Lopez, 6 NY3d 248, 256 [2006]; see also People v Kruppenbacher, 154 AD3d 1059, 1060 [2017]). Therefore, without deciding the ultimate merits of this issue, we grant counsel's application for leave to withdraw and assign new counsel to address this issue and any others that the record may disclose (see People v Stokes, 95 NY2d 633 [2001]; People v Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650 [1986]).
Garry, P.J., McCarthy, Egan Jr., Clark and Rumsey, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.