■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN MELVIN, Appellant. [693 NYS2d 190] —Appeal by the defendant from an amended judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered August 28, 1997, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment on his previous conviction of attempted criminal sale of a controlled substance in the third degree. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Richard L. Herzfeld is relieved as attorney for the defendant, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Robert Isseks, Esq., 37 North Street, Middletown, N. Y. 10940, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall file their brief within 120 days of the date of this order; by prior decision and order of this Court, the defendant was given leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on one another.

Based on this Court's independent review of the record, we conclude that arguable issues exist with respect, *inter alia*, to the adequacy of the allocution at the proceeding in which the defendant admitted to violating probation, and whether the sentence imposed was unduly harsh or excessive. We further note that appellate counsel, in advising the defendant of his right to file a *pro se* brief, counseled the defendant that he ran

the risk of a greater sentence by appealing in language that had a coercive tone. Under the circumstances, the motion of the defendant's assigned counsel to be relieved is granted and new appellate counsel is assigned (*see, People v Casiano*, 67 NY2d 906; *People v Gonzalez*, 47 NY2d 606). O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.