OPINION OF THE COURT
 

 Levine, J.
 

 While an inmate at the Southport Correctional Facility, defendant was accused and convicted after trial of aggravated harassment of an employee by an inmate in violation of Penal Law § 240.32, a class E felony, for allegedly spraying a mixture of excrement and urine on a correction counselor. The court sentenced defendant to 15 years to life as a persistent felony offender pursuant to Penal Law § 70.10.
 

 Defendant thereafter filed a notice of appeal and, as an indigent, requested assignment of appellate counsel. The attorney assigned by the Appellate Division filed a six-page, double spaced no-merit brief, requesting that she be relieved of the assignment because, in her estimation, there were no non-frivolous issues upon which to base defendant’s appeal. Upon receiving a copy of that brief, defendant submitted two handwritten
 
 pro se
 
 supplemental briefs in which he argued, among other things, that he should not have been shackled during the course of the trial and that his sentence of 15 years to life for this class E felony was unduly harsh and excessive. In addition, defendant highlighted numerous defects and factual errors within the brief submitted by his assigned appellate counsel. Based upon counsel’s representation that there were no non-frivolous issues, the People opted not to submit a responding brief.
 

 The Appellate Division, concluding that there were no non-frivolous issues to be addressed on appeal, granted appellate counsel’s request to be relieved of the assignment and unanimously affirmed the judgment of conviction (267 AD2d 718). A Judge of this Court granted leave to appeal. Because the papers submitted by assigned counsel on appeal to the Appellate Division did not adequately safeguard defendant’s right to appellate counsel, we now reverse and remit to the Appellate Division for a de novo appeal with new assigned counsel.
 

 Where a State creates an appellate procedure in criminal matters, the Fourteenth Amendment mandates that an indigent criminal defendant be afforded equal rights to appeal
 
 *636
 
 through the representation and advocacy of assigned counsel
 
 (see, Evitts v Lucey,
 
 469 US 387;
 
 Douglas v California,
 
 372 US 353;
 
 People v Hughes,
 
 15 NY2d 172). The one limitation on this constitutional right is that it “does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing a frivolous appeal”
 
 (Smith v Robbins,
 
 528 US 259, 278;
 
 see, Anders v California,
 
 386 US 738, 741-742). In the event that assigned counsel determines, after a conscientious review of the record and the applicable law, that an appeal is wholly frivolous, counsel may request permission to be relieved of the assignment
 
 (see, Anders, supra,
 
 at 741-742, citing
 
 Ellis v United States,
 
 356 US 674, 675).
 

 In Anders, the Supreme Court described a procedure by which courts could ensure protection of indigent defendants’ constitutional rights in the context of purportedly frivolous appeals (see,
 
 Anders v California, supra,
 
 at 744;
 
 Smith v Robbins, supra,
 
 528 US, at 278 [explaining that the “goal
 
 of Anders
 
 was to prevent this limitation on the right to appellate counsel from swallowing the right itself’]). The
 
 Anders
 
 Court noted that assigned appellate counsel was constitutionally required to act as an “active advocate” on behalf of his or her client, not merely an adviser to the court on the merits of the appeal
 
 (id.,
 
 at 744). Recognizing the propriety of requesting permission to withdraw from representation in the event that counsel considered an appeal to be wholly frivolous, the Court stated:
 

 “[t]hat request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel’s brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel’s request to withdraw • and dismiss the appeal * * * [o]n the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal”
 
 (id.).
 

 This Court has consistently recognized and enforced the right of indigent defendants to effective assistance of counsel on appeal and the need to ensure that the
 
 Anders
 
 exception is carefully scrutinized and applied
 
 (see, People v Gonzalez,
 
 47 NY2d
 
 *637
 
 606, 610 [“assistance given must be that of an advocate rather than
 
 amicus curiae”]; People v Emmett, 25
 
 NY2d 354, 356 [“There is no substitute for the single-minded advocacy of appellate counsel”]). In
 
 Gonzalez,
 
 we invited the various Departments of the Appellate Division to develop rules and procedures to address the issue of purportedly frivolous appeals
 
 (People v Gonzalez, supra,
 
 47 NY2d, at 612, n 3). Following the lead of the First Department in
 
 People v Saunders
 
 (52 AD2d 833 [holding that a request to withdraw as counsel, after a “conscientious examination of the record!,) * * * should be accompanied by a brief reciting the underlying facts and highlighting anything in the record that might arguably support the appeal”]), and in response to this Court’s invitation in
 
 Gonzalez,
 
 the Departments of the Appellate Division have formulated such procedures to be utilized by courts of this State in assessing frivolous appeals
 
 (see, People v Cruwys,
 
 113 AD2d 979, 980 [3d Dept] [“counsel should promptly take steps to obtain the * * * transcripts and to consult with his (or her) client and with trial counsel. If counsel determines, after making a diligent and conscientious examination of the record, that the appeal is frivolous” he or she may apply for relief from the assignment and “(s)uch application must be accompanied by a brief reciting the underlying facts and raising all points which may arguably provide a basis for appeal, with references to the record and citation of applicable legal authorities”];
 
 People v Crawford,
 
 71 AD2d 38, 39 [4th Dept] [appellate counsel “is not appointed
 
 amicus curiae
 
 to advise the court whether or not defendant’s appeal has merit” but must “assist the court * * * by advancing defendant’s contentions to the fullest extent that the record permits”];
 
 see also, People v Brown,
 
 140 AD2d 363 [2d Dept] [following First Department in
 
 People v Saunders]).
 
 Notably, the procedures adopted by New York courts closely parallel and are clearly modeled upon the procedure set forth by the Supreme Court in
 
 Anders.
 

 The Supreme Court of the United States recently clarified, in
 
 Smith v Robbins (supra),
 
 that the procedure described in
 
 Anders
 
 is but one example of an adequate method by which States can safeguard indigent defendants’ constitutional rights. Because New York has repeatedly adhered to the protocol outlined in
 
 Anders,
 
 however, we see no compelling reason at this time to revisit, alter or refine New York State’s “Anders” rule. The question then becomes, did the no-merit brief filed on behalf of defendant in this matter satisfy this State’s articulated requirements? We conclude that it did not.
 

 
 *638
 
 The evidence adduced at trial was as follows. The victim testified that on February 18, 1997, while on her morning rounds at the facility and speaking with an inmate in cell C-2-11, she was sprayed with the liquid substance apparently coming from cell number C-2-10. She did not see the person who committed the offense as her view of the interior of cell C-2-10 was obstructed.
 

 A search of defendant’s cell immediately after the incident revealed no evidence of any container or other such item that could have been used to spray the victim with the offensive mixture. A correction officer opined, however, that defendant could have committed the crime and successfully concealed any evidence of his guilt by, for example, using a small shampoo bottle to squirt the liquid and then immediately flushing the container down the toilet. For the defense, another inmate testified that he had witnessed the event and that it was the inmate who occupied cell C-2-12 — not defendant — who was responsible for the incident.
 

 Throughout the trial, defense counsel made numerous objections and applications that resulted in adverse rulings from the trial court. Specifically, defense counsel objected to the shackling of defendant during the trial, arguing that the purported justifications for the shackles — defendant’s prior record, repeated allegations of misconduct in prison and the nature of the instant offense charged — were not sufficient to overcome the inordinate prejudice suffered by defendant due to his appearance in court in shackles. In addition, defense counsel requested that the trial court instruct the jury with respect to circumstantial evidence.
 

 Without expressing any opinion as to their merits, we note that there are at least three — and possibly more — clearly arguable issues upon which to base defendant’s appeal, including (1) the shackling of defendant throughout trial, (2) the court’s refusal to give a circumstantial evidence charge and (3) the possible excessiveness of the sentence imposed upon defendant as a persistent felony offender.
 
 *
 
 Defendant’s assigned counsel did not raise these or any other arguable trial errors as bases for defendant’s appeal.
 

 Instead, the
 
 “Anders”
 
 brief submitted on defendant’s behalf identified only two issues: whether (1) the verdict was
 
 *639
 
 supported by the weight of the evidence and (2) the sentence imposed was harsh or excessive. Counsel labeled both issues “frivolous.” In connection with the first “point” of her brief, counsel mistakenly coupled an assertion that the verdict was not against the weight of the evidence with a discussion limited solely to the legal sufficiency of the evidence. On the second issue discussed in the brief, counsel erroneously stated defendant had been adjudicated a persistent violent felony offender and, thus, was sentenced within mandatory statutory parameters. In reality, defendant was adjudicated a
 
 discretionary
 
 persistent felony offender pursuant to Penal Law § 70.10 upon his conviction in this case of a class E
 
 non-violent
 
 felony.
 

 Notably, the brief submitted on defendant’s behalf contained no reference whatsoever to the evidence at trial — offered by either the prosecution or the defense — or to defense counsel’s objections at trial. Rather than performing the role of advocate, identifying issues and vigorously arguing the client’s position on them, assigned counsel here appears to have found it sufficient to review the record in order to conclude and advise the court on the ultimate merit of defendant’s appeal. Moreover, the
 
 Anders
 
 brief submitted by counsel contained numerous factual errors, including inconsistent and, in places, mistaken assertions as to the crime charged and the specific facility in which defendant was incarcerated at the time of the incident.
 

 Accordingly, the order of the Appellate Division should be reversed and the case remitted to the Appellate Division for further proceedings in accordance with this opinion.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order reversed, etc.
 

 *
 

 The People commendably concede that this last issue concerning defendant’s sentencing is not frivolous and, thus, compels reversal in this case and remittal for a de novo appeal.