■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL MURRAY, Appellant. [786 NYS2d 594]—Appeals (1) from a

judgment of the County Court of Franklin County (Nicandri, J.), rendered January 25, 2002, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree, and (2) by permission, from an order of said court (Main, Jr., J.), entered November 12, 2002, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgement of conviction, without a hearing.

Defendant pleaded guilty to the crime of attempted promoting prison contraband in the first degree and waived his right to appeal. Prior to sentencing, defendant unsuccessfully moved to withdraw his plea, contending that he was innocent and the plea was the result of coercion. Defendant was then sentenced as a second felony offender in accordance with the plea agreement to a prison term of 1½ to 3 years to be served consecutive to the sentence that he is currently serving. Thereafter, County Court denied defendant's subsequent motion pursuant to CPL 440.10 to vacate the judgment of conviction. Defendant appeals from the judgment of conviction and the order denying his CPL 440.10 motion.

On appeal, defense counsel seeks to be relieved of his assignment as counsel for defendant on the ground that there are no nonfrivolous issues that can be raised on these appeals. A review of the record and defense counsel's brief reveals the existence of various issues that are " 'arguable on their merits (and therefore not frivolous)' " (*People v Stokes*, 95 NY2d 633, 636 [2001], quoting *Anders v California*, 386 US 738, 744 [1967]), including whether defendant's plea was knowingly, voluntarily and intelligently entered and whether County Court erred in denying his motion to withdraw his plea. Without expressing any opinion as to the ultimate merit of any issues, defense counsel's application to be relieved of his assignment is granted and new counsel will be assigned to address any issues that the record may disclose (*see People v Stokes, supra; People v Cruwys*, 113 AD2d 979 [1985], *lv denied* 67 NY2d 650 [1986]).

Cardona, P.J., Peters, Spain, Rose and Kane, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.