■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HATALSKY, Appellant. [792 NYS2d 364]—Appeal from a judgment of the County Court of Schoharie County (Bartlett, III, J.), rendered September 18, 2003, which revoked defendant's probation and imposed a sentence of imprisonment.

In 2001, defendant pleaded guilty to criminal possession of a weapon in the third degree, aggravated unlicensed operation of a motor vehicle in the first degree and criminal contempt in the first degree and was sentenced to five years' probation. In 2003, defendant was charged with, and admitted to, violating the terms of his probation. Prior to his resentencing, defendant unsuccessfully moved to withdraw his plea. Thereafter, and notwithstanding defendant's request that a new and more accurate presentence investigation report be issued due to various objections to the contents thereof, defendant's probation was revoked and he was sentenced to concurrent prison terms of 1⅓ to 4 years on all counts. On appeal, defense counsel seeks to be relieved of his assignment as counsel for defendant on the ground that there are no nonfrivolous issues that can be raised on appeal. A review of the record and defense counsel's brief reveals the existence of various issues that are " 'arguable on their merits (and therefore not frivolous)' " (*People v Stokes*, 95 NY2d 633, 636 [2001], quoting *Anders v California*, 386 US 738, 744 [1967]), including whether County Court erred in denying defendant's motion to withdraw his admission to the violation of probation and whether the sentence was harsh or excessive. Inasmuch as these issues cannot be characterized as wholly

frivolous, defense counsel's application to be relieved of his assignment is granted and new counsel will be assigned to address any issues that the record may disclose (*see People v Stokes, supra*; *People v Cruwys*, 113 AD2d 979 [1985], *lv denied* 67 NY2d 650 [1986]).

Mercure, J.P., Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.