■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SUDBRINK, Appellant. [794 NYS2d 448]—Appeal by the defendant, by permission, from an order of the County Court, Nassau County (LaPera, J.), dated October 28, 2002, which denied his motions pursuant to CPL article 440 to vacate a judgment of the same court rendered February 7, 2001. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]) in which she moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, and Arza Feldman, Esq., is relieved as the attorney for the defendant and is directed to turn over all papers in her possession to new counsel assigned herein; and it is further,

Ordered that Matthew Muraskin, Esq., of 34 Julia Circle, Middle Island, N.Y. 11953, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order on motion of this Court, the defendant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, arguable issues exist which cannot be considered "wholly frivolous" including, inter alia, whether the court erred in imposing an enhanced sentence which included fines that were not part of the original plea agreement, without first affording the defendant an opportunity to either withdraw his plea or accept the enhanced sentence (*see Anders v California, supra* at 744; *see also People v Fulton*, 238 AD2d 439, 440 [1997]; *People v Mc-Kane*, 227 AD2d 503, 504 [1996]). Accordingly, assignment of new counsel is warranted (*see Anders v California, supra*; *People v Stokes*, 95 NY2d 633 [2001]; *People v McWilliams*, 308 AD2d 599 [2003]). Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.