■ The People of the State of New York, Respondent, v Winston A. Zammett, Appellant. [849 NYS2d 686]—Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered October 6, 2006, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree.

In satisfaction of a 10-count indictment, defendant pleaded guilty to criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree. Pursuant to the plea agreement, he was sentenced on the charge of criminal possession of a weapon in the third degree as a persistent violent felony offender to the minimum permissible prison term of 12 years to life. On the charge of criminal possession of a controlled substance in the third degree, he was sentenced to a prison term of 12 years, plus three years of postrelease supervision. County Court directed that the sentences were to run concurrently. Defendant now appeals.

Appellate counsel seeks to be relieved of his assignment of

representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal (*see People v Stokes*, 95 NY2d 633, 636 [2001]; *People v Cruwys*, 113 AD2d 979 [1985], *lv denied* 67 NY2d 650 [1986]). Based upon our review of the record, we agree. If defendant—who entered a knowing, voluntary and intelligent plea—had been sentenced on the charge of criminal possession of a controlled substance in the third degree alone, a challenge to the severity of that sentence would not be wholly frivolous because he received more than the minimum with respect to that charge and did not waive his right to appeal (*see People v Stokes*, 95 NY2d at 635-636; *cf. People v Williams*, 35 AD3d 971, 973 [2006], *lv denied* 8 NY3d 928 [2007]). Here, however, such a challenge would be futile because defendant will be imprisoned for at least 12 years on the charge of criminal possession of a weapon in the third degree (*see* Penal Law § 70.08 [2], [3] [c]), followed by parole supervision for the rest of his life (*see* Executive Law § 259-i [2] [b]). Thus, were his concurrent sentence to be reduced, he would spend no less time in prison or under postrelease supervision (*see People v Smith*, 32 AD3d 553, 554 n 1 [2006]). Accordingly, appellate counsel's application to be relieved of his assignment is granted and the judgment of conviction is affirmed.

Mercure, J.P., Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, and application to be relieved of assignment granted.