■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RAY OKAMURA, Appellant. [893 NYS2d 888]—Appeal by the defendant from a judgment of the County Court, Westchester County (Bellantoni, J.), rendered October 4, 2007, convicting him of attempted criminal sexual act in the first

degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Scott M. Bishop is relieved as the attorney for the appellant and is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Richard L. Herzfeld, 555 Fifth Ave., 14th Floor, New York, N.Y. 10017, is assigned as counsel to perfect the appeal;

Ordered that the People are directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, the People shall serve and file their brief within 120 days of the date of this decision and order on motion; by prior decision and order on motion of this Court, the defendant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including the certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, inter alia, with respect to whether the appellant's plea of guilty was knowing, voluntary, and intelligent, given the applicability of article 10 of the Mental Hygiene Law. Accordingly, assignment of new counsel is warranted (*see People v Stokes,* 95 NY2d 633, 638 [2001]). Rivera, J.P., Leventhal, Belen and Austin, JJ., concur.