■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN A. MILLER, Appellant. [895 NYS2d 873]—Appeal by the defendant from an amended judgment of the County Court, Orange County (Freehill, J.), rendered September 25, 2007, revoking a sentence of probation previously imposed by the same court upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of sexual abuse in the first degree. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which she moves to be relieved of the assignment to prosecute the appeal.

Ordered that the motion is granted, and Janet A. Gandolfo, Esq., is relieved as counsel for the appellant, and is directed to turn over all papers in her possession to new counsel assigned herein; and it is further,

Ordered that Michele Marte-Indzonka, 46 South Plank Road, Newburgh, N.Y. 12550, is assigned as counsel to perfect the appeal from the amended judgment rendered September 25, 2007; and it is further,

Ordered that the People are directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120

days of the date of this decision and order; by prior decision and order on motion of this Court, the defendant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not limited to, whether the defendant's admission to violating a condition of his probation was knowing, intelligent, and voluntary (*see People v Louree*, 8 NY3d 541 [2007]; *People v Catu*, 4 NY3d 242 [2005]; *People v Kirksey*, 43 AD3d 472 [2007]). Accordingly, assignment of new counsel is warranted (*see People v Stokes*, 95 NY2d 633, 638 [2001]; *People v Vasquez*, 70 NY2d 1, 4 [1987]). Dillon, J.P., Miller, Balkin, Leventhal and Austin, JJ., concur.