■ The People of State of New York, Respondent, v Walter Roache, Appellant. [947 NYS2d 521]—Motion by the appellant for leave to reargue an appeal from an order of the County Court, Orange County, dated December 14, 2009, which was determined by decision and order of this Court dated November 30, 2010.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted, and, upon reargument, the decision and order of this Court dated November 30, 2010

(*People v Roache*, 78 AD3d 1140 [2010]), is recalled and vacated, and the following decision and order on motion is substituted therefor:

Appeal by the defendant from an order of the County Court, Orange County (DeRosa, J.), dated December 14, 2009, which designated him a level three sex offender pursuant to Correction Law article 6-C. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Steven A. Feldman for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Mark Diamond, Esq., Box 287356, Yorkville Station, New York, N.Y., 10128, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order, and the People shall serve and file their brief within 120 days of this decision and order. By prior decision and order on motion of this Court dated April 27, 2010, the appellant was granted leave to prosecute the appeal on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the defendant was deprived of the effective assistance of counsel in the proceedings before the County Court. Accordingly, assignment of new counsel is warranted (*see People v Stokes*, 95 NY2d 633, 638 [2001]). Rivera, J.P., Eng, Leventhal and Austin, JJ., concur.