■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAUN CUOMO, Appellant. [11 NYS3d 487]—Appeals by the defendant from two judgments of the County Court, Dutchess County (Greller, J.), both rendered November 12, 2013, convicting him of grand larceny in the third degree (two counts) under S.C.I. No. 41/12 and indictment No. 73/12, respectively, upon his pleas of guilty, and imposing sentences. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which she moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Yasmin Daley Duncan for leave to withdraw as counsel for the appellant is granted, and she is directed to turn over all papers in her possession to the appellant's new counsel assigned herein; and it is further,

Ordered that Carol Kahn, 225 Broadway, Suite 1510, New York, N.Y. 10007 is assigned as counsel for the appellant to prosecute the appeals; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court, the appellant was granted leave to prosecute the appeals as a poor person, with the appeals to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed

to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the sentences imposed were excessive (*see generally People v Suitte*, 90 AD2d 80, 85-86 [1982]). Accordingly, assignment of new counsel is warranted (*see People v Stokes*, 95 NY2d 633, 638 [2001]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]). Chambers, J.P., Dickerson, LaSalle and Barros, JJ., concur.