■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE GAVARETTE, Appellant. [10 NYS3d 889]—Appeal by the de-

fendant from a judgment of the Supreme Court, Nassau County (Calabrese, J.), rendered November 13, 2013, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which counsel moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Leslie W. Rubin for leave to withdraw as counsel for the appellant is granted, and Leslie W. Rubin is directed to turn over all papers in this matter to new counsel assigned herein; and it is further,

Ordered that Jillian S. Harrington, Esq., P.O. Box 131621, Staten Island, N.Y., 10313, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order, and the People shall serve and file their brief within 120 days of this decision and order. By prior decision and order on motion of this Court dated February 14, 2014, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that there are potentially nonfrivolous issues in this case, including, but not necessarily limited to, whether the appellant's plea of guilty was knowing, voluntary, and intelligent (*see People v Peque*, 22 NY3d 168 [2013]), whether the purported waiver of the defendant's right to appeal was valid (*see generally People v Brown*, 122 AD3d 133, 144-145 [2014]; *People v Salgado*, 111 AD3d 859 [2013]; *People v Edmunson*, 109 AD3d 621 [2013]; *People v Pelaez*, 100 AD3d 803 [2012]), and, if such waiver is found to be invalid, whether the sentence imposed was excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Accordingly, assignment of new counsel is warranted (*see People v Stokes*, 95 NY2d 633, 638 [2001]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]). Mastro, J.P., Chambers, Cohen, Miller and LaSalle, JJ., concur.