■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ENCARNACION, Appellant. [52 NYS3d 390]—Appeal by the defendant from an amended judgment of the Supreme Court, Queens County (Wong, J.), rendered December 3, 2014, revoking a sentence of probation previously imposed by the same court (Kron, J.) , upon a finding that he violated conditions thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of criminal possession of a controlled substance in the third degree. Assigned

counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Seymour W. James, Jr., for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to the new counsel assigned herein; and it is further,

Ordered that Lynn W. L. Fahey, Esq., Appellate Advocates, 111 John Street, NewYork, NY, 10038 is assigned as counsel to perfect the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated April 8, 2015, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

While we are satisfied with the sufficiency of the brief filed by assigned counsel, upon our independent review of the record, we conclude that there are nonfrivolous issues in this case, including, but not necessarily limited to, whether the allocution was sufficient to establish that the defendant violated a condition of his probation (*see People v Parker*, 135 AD3d 966, 968 [2016]; *People v Barrett*, 98 AD3d 628 [2012]; *People v Stone*, 82 AD3d 1272, 1273 [2011]; *People v Melvin*, 262 AD2d 662, 662-663 [1999]; *see also People v Miller*, 71 AD3d 918, 919 [2010]). Accordingly, assignment of new counsel is warranted (*see People v Stokes*, 95 NY2d 633, 638 [2001]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]). Balkin, J.P., Miller, Duffy, LaSalle and Brathwaite Nelson, JJ., concur.