■ The People of the State of New York, Respondent, v Katia West, Appellant. [53 NYS3d 375]—Appeal by the defendant from an amended judgment of the County Court, Orange County (De Rosa, J.), rendered August 17, 2015, revoking a sentence of probation previously imposed by the same court (Berry, J.), upon a finding that she violated a condition thereof, upon her admission, and imposing a sentence of imprisonment upon her previous conviction of criminal mischief in the second degree. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of John R. Lewis for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,

Ordered that Philip H. Schnabel, Esq., 33 Schnabel Lane, Chester, New York 10918, is assigned as counsel to prosecute the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this

Court dated January 21, 2016, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

While we are satisfied with the sufficiency of the brief filed by assigned counsel, upon our independent review of the record, we conclude that there are nonfrivolous issues in this case, including, but not necessarily limited to, whether the purported waiver of the defendant's right to appeal was valid (*see People v Bradshaw*, 18 NY3d 257, 267 [2011]; *People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Brown*, 122 AD3d 133 [2014]), and, if such waiver is found to be invalid, whether the sentence imposed was excessive (*see generally People v Suitte*, 90 AD2d 80 [1982]). Accordingly, assignment of new counsel is warranted (*see People v Stokes*, 95 NY2d 633, 638 [2001]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]). Dillon, J.P., Chambers, Sgroi, Maltese and Barros, JJ., concur.