Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rienzi, J., at plea; Ozzi, J., at sentence), rendered September 2, 2015, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the defendant.
 

 Ordered that the motion of Paul Skip Laisure for leave to withdraw as counsel for the defendant is granted, and he is directed to turn over all papers in his possession to the defendant’s new counsel assigned herein; and it is further,
 

 Ordered that Seymour W. James, Jr., Esq., The Legal Aid Society, 199 Water Street-5th Floor, New York, NY, 10038, is assigned as counsel to prosecute the appeal; and it is further,
 

 Ordered that the respondent is directed to turn over a certified transcript of the proceeding to the defendant’s new assigned counsel; and it is further,
 

 Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the defendant is served and filed. By prior decision and order on motion of this Court dated March 24, 2016, the defendant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.
 

 While we are satisfied with the sufficiency of the brief filed by assigned counsel, upon this Court’s independent review of the record, we conclude that there are nonfrivolous issues in this case, including, but not necessarily limited to, whether the purported waiver of the defendant’s right to appeal was valid (see People v Moyett, 7 NY3d 892 [2006]; People v Billingslea, 6 NY3d 248, 257 [2006]; People v Taylor, 132 AD3d 915 [2015]; People v Avendano, 119 AD3d 597, 598 [2014]) and, if such waiver is found to be invalid, whether the sentence imposed was excessive (see generally People v Suitte, 90 AD2d 80 [1982]). Accordingly, assignment of new counsel is warranted (see People v Stokes, 95 NY2d 633, 636 [2001]; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252 [2011]).
 

 Miller, J.P., Duffy, LaSalle and Brathwaite Nelson, JJ., concur.