People v Murray (2019 NY Slip Op 01101)





People v Murray


2019 NY Slip Op 01101


Decided on February 13, 2019


Appellate Division, Second Department


Dillon, J.P., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2017-08647

[*1]The People of the State of New York, respondent,
v
Raymond Murray, appellant. (S.C.I. No. 1058/17)



APPEAL by the defendant from a judgment of the Supreme Court (Gia Lynn Morris, J.), rendered June 29, 2017, in Queens County, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.



Paul Skip Laisure, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Anastasia Spanakos of counsel; Kathleen Halliday on the brief), for respondent.



DILLON, J.P.


OPINION & ORDER
In this matter, we address a circumstance where assigned counsel's failure, in a brief submitted in accordance with Anders v California (386 US 738), to identify and analyze the defendant's waiver of the right to appeal during the plea proceeding may nevertheless be excused and the Anders relief granted.
I. FACTS
On September 20, 2016, two police officers observed the defendant jumping a turnstile at a subway station in Queens. Upon being approached by the officers, the defendant pushed one of the officers down a flight of stairs while attempting to avoid arrest. The defendant was apprehended, and charged in a Superior Court Information (hereinafter SCI) with attempted assault in the second degree (Penal Law § 120.05[3]).
On May 10, 2017, the defendant appeared with counsel before the Supreme Court, Queens County, and waived orally and in writing his right to be prosecuted by indictment. In lieu of an indictment, the defendant pleaded guilty to attempted assault in the second degree, a class E felony (see Penal Law §§ 110.00, 120.05[3]), in full satisfaction of the SCI. The court (Althea Drysdale, J.) promised the defendant that the sentence to be imposed would be a term of imprisonment of 1½ to 3 years.
The Supreme Court placed the defendant under oath and conducted a careful voir dire. The voir dire included, but was not limited to, the defendant's understanding of his SCI waiver; his consultation and satisfaction with counsel; his surrender of constitutional rights such as a trial by jury, the confrontation of witnesses, remaining silent, the presumption of innocence, and the presentation of evidence to a grand jury; the absence of any threats or promises to induce the plea other than the sentence promise of the court; the People's burden to prove guilt beyond a reasonable [*2]doubt; and that his decision to plead guilty was being freely and voluntarily entered. The defendant admitted to facts that tracked the elements of the crime to which he was pleading guilty, and he specifically informed the court that he was pleading guilty because he was, in fact, guilty. The defendant also acknowledged that, if he was not a citizen of the United States, his plea could have adverse immigration consequences. In any event, it was noted in a subsequently-prepared presentence report that the defendant is a citizen of the United States.
During the same plea proceeding, the Supreme Court separately asked the defendant whether he had executed a waiver of the right to appeal and had discussed the waiver with his counsel. The defendant answered that he had. The court then explained that, by waiving the right to appeal, the defendant was giving up his right to appeal as a poor person and to have an attorney assigned to represent him to argue on appeal any error in the plea or sentencing. The defendant stated that he understood the appellate waiver.
Further, during the plea proceeding, the defendant admitted to having been convicted in 2015 of attempted burglary in the third degree, and declined to challenge the constitutionality of that conviction. Accordingly, the defendant was adjudicated a second felony offender.
The Supreme Court accepted the defendant's plea of guilty and reminded him that to receive the promised sentence, he needed to (1) cooperate with the Department of Probation, (2) not be arrested for any new offense between the date of the plea and the date of the sentence, and (3) appear in court for his sentence.
A presentence report was prepared, and on June 29, 2017, the Supreme Court (Gia Lynn Morris, J.) imposed the bargained-for sentence. The indeterminate term of imprisonment of 1½ to 3 years was the minimum term permissible for the offense to which the defendant pleaded guilty (see Penal Law § 70.06[3][e]; [4][b]). The defendant appealed from the judgment and was assigned counsel on the appeal.
Thereafter, the defendant's assigned counsel filed an Anders brief with this Court, seeking to be relieved as counsel on the ground that there were no nonfrivolous issues to be raised on appeal. In their respondent's brief, the People agreed that there were no nonfrivolous issues that could be raised. Assigned counsel's brief specifically discussed and analyzed the defendant's plea allocution, and concluded that the plea was entered knowingly, intelligently, and voluntarily. Assigned counsel also analyzed the facts and law governing the sentence, and acknowledged that since the defendant received the minimum permissible sentence, no nonfrivolous argument could be made that the sentence was excessive.
Noticeably absent from assigned counsel's Anders brief is any acknowledgment, discussion, or analysis of the defendant's waiver of the right to appeal or the enforceability of the waiver. In 2011, this Court rendered a significant and analytical opinion in Matter of Giovanni S. (Jasmin A.) (89 AD3d 252 [Skelos, J.]), that clarified the law, expectations, requirements, and procedures for Anders relief. Here, seven years after Matter of Giovanni S. was decided, the absence of any identification or discussion by assigned counsel of the enforceability of the appellate waiver in this case, and the effect of such absence on counsel's obligation to analyze any possible issue that might arguably support an appeal, provides us with an opportunity to address when and whether certain shortcomings in Anders briefs do not warrant the assignment of new counsel.
II. LEGAL ANALYSIS
In 1967, the United States Supreme Court determined that assigned appellate counsel may withdraw from representation if, after a conscientious examination of the record, an appeal would be wholly frivolous (see Anders v California, 386 US at 774). Assigned counsel's brief is not determinative, as the reviewing court must also conduct its own full examination of the proceedings to independently determine whether an appeal would be wholly frivolous (see id.). Defendants are entitled to assigned counsel if they are unable to afford an advocate to perform an examination of the record in a conscientious effort to identify meritorious issues for appeal (see id.; People v Stokes, 95 NY2d 633, 636; People v Brown, 140 AD2d 363). A court may grant an assigned attorney's application to withdraw as counsel and affirm the judgment when it finds an appeal of the matter would be wholly frivolous (see Anders v California, 386 US at 741-742; People v Stokes, 95 NY2d at 636; People v Powell, 85 AD3d 1061). If, however, the court finds any legal points to be arguable on their merits, it must afford the indigent defendant the assistance of new counsel to argue the appeal.
The principles set forth in Anders have been embraced in New York (see People v [*3]Stokes, 95 NY2d at 636-637; People v Gonzalez, 47 NY2d 606, 610-611; People v Emmett, 25 NY2d 354, 356-357; People v Saunders, 52 AD2d 833, 833-834).
When evaluating a record of criminal proceedings, assigned counsel is tasked with the responsibility of identifying and distinguishing between issues that are frivolous and issues that are arguable on the merits. Frivolous issues, once identified, should not be pursued on appeal. Appeals that present issues that may be arguable on their merits—even if weakly or marginally so—must be perfected to fulfill the defendant's right to receive, and the attorney's obligation to provide, zealous representation (see Penson v Ohio, 488 US 75, 81 n 4; Anders v California, 386 US at 744; People v Stokes, 95 NY2d at 636; People v Gonzalez, 47 NY2d at 610). Indeed, the role of assigned appellate counsel must remain at all times that of an advocate for the client, and not a mere advisor to the court about the potential merits of an appeal (see Anders v California, 386 US at 745; People v Sanders, 91 AD3d 798, 799).
These principles, and related ones, were cogently and succinctly set forth and reiterated in this Court's 2011 opinion in Matter of Giovanni S. (Jasmin A.) (89 AD3d at 252). Matter of Giovanni S. crystalized an appellate court's role under Anders as consisting of two separate and distinct steps. Step 1 is the court's evaluation of assigned counsel's brief, which must, to be adequate, discuss "relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). Step 1 is not satisfied by a brief that "merely recite[s] the underlying facts" and "state[s] a bare conclusion" that, after reviewing the record and discussing the case with the defendant, there are no nonfrivolous issues for appeal (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258, citing Penson v Ohio, 488 US at 80; see People v Gonzalez, 47 NY2d at 607; People v Truss, 287 AD2d 750, 751). If the Anders brief is deficient and fails to withstand Step 1 review, new counsel must be assigned to perform a new appellate review. If the Anders brief satisfies a Step 1 review, the appellate court then reaches Step 2, which involves an "independent review of the record" to determine whether "counsel's assessment that there are no nonfrivolous issues for appeal is correct" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258, citing Penson v Ohio, 488 US at 84; see Anders v California, 386 US at 741-742). If the court concludes under Step 2 that there are nonfrivolous issues that could be raised on appeal, the court will assign new counsel to pursue an appeal on the defendant's behalf.
In this Court, Anders briefs submitted over the years represent a mixed bag—while many briefs have satisfied both steps, many others have failed to satisfy either Step 1 or Step 2 of the Matter of Giovanni S. analysis, resulting in the assignment of new appellate counsel. Our statistics bear out the foregoing. In 2017, this Court found that 33 out of 129 Anders cases warranted the assignment of new counsel. During the first ten months of 2018, this Court found that 27 out of 100 Anders cases warranted the assignment of new counsel. The criminal bar should take note that roughly one-quarter of all Anders briefs filed in the Second Department are failing to satisfy either Step 1 or Step 2 of the Matter of Giovanni S. analysis. Each time an Anders brief is found to be deficient or, upon independent review, that there are nonfrivolous issues that could be raised, and new appellate counsel is assigned, a second and oftentimes avoidable round of briefing is then performed.
Since 2011, this Court has often applied the two-step analysis in Matter of Giovanni S. in such a manner that failure by assigned counsel to identify and discuss even a single issue apparent on the face of the record resulted in the assignment of new counsel. In those instances, our jurisprudence has, in effect, imposed a standard of near perfection on assigned counsel in the context of Anders briefs. On occasions, even where assigned counsel missed an issue which would have, if raised, been inconsequential, our post-Matter of Giovanni S. jurisprudence has been unforgiving, requiring under Step 1 that counsel be relieved and new appellate counsel assigned for a fresh round of appellate evaluation.
The instant matter is a case in point. Although counsel's Anders brief factually and legally analyzes two potential appellate issues—the voluntariness of the defendant's plea and the non-excessiveness of the imposed sentence—it fails to identify or analyze the fact that the defendant waived his right to appeal (see People v Polk, 161 AD3d 1012, 1013; People v Ferretti, 148 AD3d 720, 721; People v Swensen, 116 AD3d 1073, 1074; People v Sedita, 113 AD3d 638, 640).
But under the circumstances of this case, that failure should not result in the assignment of new counsel. Indeed, this Court, in Matter of Giovanni S., stressed that "the question [*4]is not whether the appeal presents any issues that have merit, but whether it presents any issues that are arguable' on the merits" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 259-260, quoting Anders v California, 386 US at 744).
Here, the absence in the Anders brief of any discussion of the defendant's waiver of the right to appeal does not render the brief deficient. The enforceability or unenforceability of an appeal waiver is only relevant if there is some other nonfrivolous issue to raise on appeal that the defendant would be precluded from raising if the waiver were enforced. Under the facts of this case, the enforceability or unenforceability of the defendant's waiver of the right to appeal can make no practical difference to the eventual Anders outcome. If the waiver is enforceable, it nevertheless does not extend to issues involving the voluntariness of the defendant's plea (see People v Seaberg, 74 NY2d 1, 10; People v Jenkins, 165 AD3d 1167; People v Coleman, 164 AD3d 518; People v Squitieri, 157 AD3d 911; People v Lovick, 127 AD3d 1108, 1108-1109; People v Lujan, 114 AD3d 963, 964; see generally People v Batista, 167 AD3d 69). If the waiver is not enforceable, it similarly would have no effect on considering and evaluating the voluntariness of the plea. In either event, for Anders relief, it will generally be necessary for this Court to review the voluntariness of the plea, and that issue was, in fact, discussed and analyzed in the brief submitted by assigned counsel.
Likewise, the enforceability or unenforceability of the appellate waiver can have no conceivable impact on this Court's review of the sentence imposed in this case. If the appellate waiver is valid and enforceable, it precludes any consideration of whether the sentence was excessive (see People v Lopez, 6 NY3d 248, 256; People v Batista, 167 AD3d 69; People v Scott, 165 AD3d 1295; People v Melvin, 165 AD3d 1291; People v Colon, 165 AD3d 1163). If, on the other hand, the appellate waiver is not valid and not enforceable, any argument that the sentence was excessive would be frivolous, as the minimum sentence authorized by statute is, by definition, not excessive as a matter of law (see People v Andreu, 103 AD3d 661, 661-662; People v Gibson, 88 AD3d 1011; People v Berrouet, 84 AD3d 1392; People v Seabrooks, 82 AD3d 1130, 1132; People v Valderrama, 140 AD2d 566; People v Banks, 117 AD2d 611). Here, assigned counsel discussed and analyzed the propriety of the sentence, properly concluding that there is no nonfrivolous issue regarding excessiveness.
Any argument that the appellate waiver might be unenforceable is inconsequential in regard to the voluntariness of the plea and the propriety of the sentence imposed in this case. The failure of assigned counsel to discuss and analyze the appellate waiver in the Anders brief is therefore legally irrelevant. To effectively require assigned counsel to nevertheless brief the issue in an Anders brief would expand Matter of Giovanni S. beyond that which was expressly intended, namely, to protect the right to appellate counsel. As to this right, it is " reasonable competence, not perfect representation,'" which is guaranteed (People v Carver, 27 NY3d 418, 422, quoting People v Oathout, 21 NY3d 127, 128; see People v Pavone, 26 NY3d 629, 647; People v Modica, 64 NY2d 828, 829).
We therefore render a narrow holding: an Anders brief will not be deemed deficient under Step 1 of the Matter of Giovanni S. analysis when assigned counsel fails to identify an issue, if it is demonstrable from the face of the brief that the missing issue would be inconsequential. We do not suggest that this new "Matter of Giovanni S.-Murray rule" be applied where any missing issue would not be inconsequential. Since the brief would be sufficient under these circumstances, the court would then proceed to Step 2 of the Matter of Giovanni S. analysis, which requires an independent review of the record to determine whether counsel's assessment that there are no nonfrivolous issues for appeal is correct. This refinement safeguards the indelible right of a criminal defendant to a conscientious, effective, and zealous advocate that lies at the heart of Anders protection (see Smith v Robbins, 528 US 259, 278; People v Stokes, 95 NY2d at 636; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 259). At the same time, it recognizes a measure of practicality, that congested courts operating under tight budgets, with limited personnel, and finite taxpayer money, not be required to engage in Sisyphean efforts that cannot, as a matter of law, lead anywhere.
In conducting the independent review in this case, any contention that the defendant's plea was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review, as the defendant did not raise any objection or move to withdraw his plea (see CPL 470.05[2]; 220.60[3]; People v Peque, 22 NY3d 168, 182; People v Clarke, 93 NY2d 904, 906; People v Lopez, 71 NY2d 662, 665-666; People v Ruiz, 164 AD3d 924; People v Morgado, 144 AD3d 709, 710). In any event, the transcript of the plea proceeding demonstrates that the plea was knowing, voluntary, and intelligent (see People v Haffiz, 19 NY3d 883, 884; People v Hickson, 165 AD3d 1166; People [*5]v Odom, 164 AD3d 1475, 1476; People v Ramos, 164 AD3d 922, 922-923). Finally, as explained above, the defendant's sentence was not excessive, as it was the minimum sentence permitted under Penal Law § 70.06(3)(e) and (4)(b).
Accordingly, the judgment is affirmed.
ROMAN, MALTESE and CONNOLLY, JJ., concur.
ORDERED that the judgment is affirmed.
ENTER:
Aprilanne Agostino
Clerk of the Court