People v Robinson (2019 NY Slip Op 06417)





People v Robinson


2019 NY Slip Op 06417


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-12187 ON MOTION
 (Ind. No. 7015/16)

[*1]The People of the State of New York, respondent,
v
Everett Robinson, appellant.


Paul Skip Laisure, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jodi L. Mandel of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bruce M. Balter, J.), rendered August 16, 2017, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Paul Skip Laisure for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Randall D. Unger, 42-40 Bell Boulevard, Suite 302, Bayside, NY, 11361, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated April 3, 2018, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to file one original and five duplicate hard copies, and one digital copy, of their respective briefs, and to serve one hard copy on each other (see 22 NYCRR 1250.9[a][4]; [c][1]).
The defendant agreed to plead guilty to one count of attempted robbery in the first degree in exchange for a promised sentence. During the course of the plea proceeding, the Supreme Court threatened to hold the defendant in contempt of court after he questioned the validity of a certain surcharge that the court stated would be imposed as a consequence of his conviction. The court went on to provide the defendant with varied and equivocal explanations of the surcharge, [*2]indicating on multiple occasions that it was not mandatory and might not be assessed against the defendant. After receiving the court's explanations, the defendant decided to continue with the plea agreement, and his plea of guilty was ultimately accepted. When the defendant was subsequently sentenced, the court assessed the disputed surcharge against the defendant over his objection. On this appeal from the judgment of conviction, assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the defendant.
"When evaluating a record of criminal proceedings, assigned counsel is tasked with the responsibility of identifying and distinguishing between issues that are frivolous and issues that are arguable on the merits" (People v Murray, 169 AD3d 227, 231). "Frivolous issues, once identified, should not be pursued on appeal" (id. at 231). "Appeals that present issues that may be arguable on their merits—even if weakly or marginally so—must be perfected to fulfill the defendant's right to receive, and the attorney's obligation to provide, zealous representation" (id.; see Penson v Ohio, 488 US 75, 81; Anders v California, 386 US at 744; People v Stokes, 95 NY2d 633, 636; People v Gonzalez, 47 NY2d 606, 610). As this Court has repeatedly emphasized, "the question is not whether the appeal presents any issues that have merit, but whether it presents any issues that are arguable' on the merits" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 259-260, quoting Anders v California, 386 US at 744).
An appellate court's role in reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738) consists of two separate and distinct steps (see People v Murray, 169 AD3d 227). Step one requires the appellate court to perform "[an] evaluation of assigned counsel's brief, which must, to be adequate, discuss relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority'" (id. at 232, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). Step two requires the appellate court to perform "an independent review of the record' to determine whether counsel's assessment that there are no nonfrivolous issues for appeal is correct'" (People v Murray, 169 AD3d at 232, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
Here, the brief submitted by the defendant's counsel pursuant to Anders v California (386 US 738) was deficient because it failed to adequately analyze potential appellate issues, including, but not necessarily limited to, whether the defendant's plea of guilty was entered knowingly, intelligently, and voluntarily (see People v Wilson, 161 AD3d 785, 786; People v Randolph, 156 AD3d 818, 819-820; People v Sedita, 113 AD3d 638, 640). Moreover, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the defendant's plea of guilty was knowing, intelligent, and voluntary (see People v Dimon, 164 AD3d 600, 601; People v Bird, 152 AD3d 785, 785-786; People v Gavarette, 130 AD3d 646, 647; People v Wolfolk, 128 AD3d 991, 992). Accordingly, under the circumstances, we must assign new counsel to represent the defendant.
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court