People v Williams (2019 NY Slip Op 07447)





People v Williams


2019 NY Slip Op 07447


Decided on October 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 17, 2019

109642

[*1]The People of the State of New York, Respondent,
v
Jamey Williams, Appellant.

Calendar Date: October 4, 2019

Before: Garry, P.J., Lynch, Clark and Pritzker, JJ.


Todd G. Monahan, Schenectady, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered September 13, 2016, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
In satisfaction of an eight-count indictment stemming from three drug sales, defendant accepted a plea offer pursuant to which he pleaded guilty to the reduced charge of attempted criminal sale of a controlled substance in the third degree in satisfaction of all charges. Pursuant to the terms of the plea agreement, defendant was required to waive his right to appeal and, in exchange, was promised a prison sentence of four years to be followed by a period of postrelease supervision (hereinafter PRS) of between 1½ and 3 years, as a second felony offender with a predicate violent felony. Thereafter, on the day scheduled for sentencing, defense counsel, an Assistant Public Defender, informed County Court that defendant wished to move to withdraw his guilty plea and defendant requested that substitute counsel be assigned.[FN1] An issue arose as to whether defendant was properly classified as a second felony offender. At the next appearance, the People conceded that defendant's eligibility for predicate sentencing was not clear [FN2] and agreed, as an alternative, to a sentence with the same prison time (four years) followed by PRS of between one and two years, as a first-time felony offender. Defense counsel reiterated that defendant wanted substitute counsel assigned to assist in his motion to withdraw his plea. After further discussion, during which County Court outlined defendant's options but did not address his request for substitute counsel, defense counsel indicated that defendant wished to proceed with sentencing as a first-time felony offender, which defendant confirmed. County Court then sentenced defendant, as a first-time felony offender, to a prison term of four years followed by 1½ years of PRS. Defendant appeals.
Appellate counsel submitted an "Anders" brief (see Anders v California, 386 US 738 [1967]) arguing, among other things, that defendant received meaningful representation. In addressing and rejecting the merits of an arguable legal issue, counsel is improperly "advis[ing] the [C]ourt on the ultimate merit of defendant's appeal" rather than "performing the role of advocate, identifying issues and vigorously arguing [defendant's] position on them" (People v Stokes, 95 NY2d 633, 639 [2001]). Importantly, a no-merit, Anders brief is only appropriate where counsel concludes that that there are no issues of arguable merit and, therefore, that the appeal is "wholly frivolous" (People v Stokes, 95 NY2d at 636; accord People v Beaty, 22 NY3d 490, 493 [2014]). Counsel seeks to be relieved of his assignment of representing defendant based upon his conclusion that defendant was effectively represented and "received a better outcome than he had originally bargained for." Upon reviewing the record and counsel's brief, we cannot conclude that the appeal is wholly frivolous. We find that there is at least one issue of arguable merit with respect to whether County Court should have addressed or granted defendant's request to assign substitute counsel to represent him on his motion to withdraw his guilty plea (see People v Chaney, 160 AD3d 1281, 1282 [2018], lv denied 31 NY3d 1146 [2018]; People v Willard, 159 AD3d 1228, 1229 [2018], lv denied 31 NY3d 1154 [2018]). Therefore, without passing judgment on the ultimate merit of this issue or any others, we grant counsel's request for leave to withdraw and assign new counsel to address this issue and any others that the record may disclose (see People v Beaty, 22 NY3d at 493; People v Stokes, 95 NY2d at 638; see generally People v Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650 [1986]).
Garry, P.J., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.



Footnotes

Footnote 1: Although the transcript of the proceedings suggests that defendant prepared a written pro se motion to withdraw his guilty plea, the record is not entirely clear on this point or on the grounds for the motion and request for substitute counsel, and no motion is included in the record.

Footnote 2: Defendant's eligibility for predicate sentencing was not resolved.