■ In the Matter of JEFFREY TAYLOR, Appellant, v TASHA FRY, Respondent. (And Two Other Related Proceedings.) [838 NYS2d 449]— Spain, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered January 6, 2006, which, inter alia, granted respondent's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.

The parties, the parents of a daughter born in 2004, filed various petitions concerning the issues of custody, visitation and the propriety of an order of protection against petitioner. After a hearing was conducted, as stipulated by the parties, Family Court awarded sole custody of the child to respondent. The court also granted petitioner visitation under the direct supervision of the maternal grandmother and found that petitioner had committed a family offense justifying the issuance of an order of protection. Petitioner now appeals and his appellate counsel seeks to be relieved of her assignment on the basis that there are no nonfrivolous issues to be raised, citing *Anders v California* (386 US 738 [1967]). However, our review of the record reveals at least one potentially nonfrivolous issue which could be argued on the merits, including whether visitation with the child should have been ordered supervised by the child's aunt as opposed to the maternal grandmother.

"Rather than performing the role of advocate, identifying issues and vigorously arguing the client's position on them, assigned counsel here appears to have found it sufficient to review

the record in order to conclude and advise the court on the ultimate merit of [petitioner's] appeal" (*People v Stokes*, 95 NY2d 633, 639 [2001]). Accordingly, we grant counsel's request and will assign new appellate counsel to address any nonfrivolous issues that the record may disclose (*see Matter of Rebecca KK.*, 31 AD3d 830, 831 [2006]). It is indeed rare that an *Anders* brief will reflect effective advocacy in a contested case such as this where a trial or full evidentiary hearing has occurred.

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.