■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUAR BUENO, Appellant. [960 NYS2d 429]—

Appeal from judgment, Supreme Court, New York County (Carol Berkman, J.), rendered June 21, 2011, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree, and sentencing him to a term of four months, held in abeyance, the application by assigned counsel to withdraw on the ground that the appeal is wholly frivolous (*People v Saunders*, 52 AD2d 833 [1976]) granted to the extent of relieving counsel, assigning Office of the Appellate Defender as new counsel, and enlarging the time to reperfect the appeal to the September 2013 Term of this Court.

Counsel's letter to defendant explaining to him the expected consequences of counsel's *Saunders* brief was inadequate because it was written in English while the record reflects that defendant was aided by an interpreter at the plea proceeding, and there is nothing to indicate that defendant understood

counsel's letter or that anything was done to communicate its substance to him in Spanish (*see e.g. People v Rosario*, 19 AD3d 333 [1st Dept 2005]).

Furthermore, counsel's brief does not address all of the pertinent underlying facts or analyze issues presented in the record of the plea and sentencing proceedings, particularly regarding events immediately preceding the actual plea colloquy. While we express no opinion with respect to the merit, or lack thereof, of any possible issue, we find that there may be issues regarding the voluntariness of defendant's plea (*see e.g. People v Fisher*, 70 AD3d 114, 119 [1st Dept 2009]) that would not be "wholly frivolous" under the *Saunders* standard. Accordingly, the requirements of a *Saunders* brief have not been satisfied (*see People v Stokes*, 95 NY2d 633, 636-637 [2001]). Since our own review cannot substitute for the single-minded advocacy of appellate counsel, a new assignment of counsel and reconsideration of the appeal is required (*see People v Casiano*, 67 NY2d 906 [1986]). Concur—Andrias, J.P., Sweeny, Freedman, Feinman and Gische, JJ.