■ In the Matter of DAVID E. REYNOLDS, Respondent, v LEEANN VANDUSEN, Appellant. [8 NYS3d 615]—

Devine, J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered March 17, 2014, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior custody order.

The parties are the divorced parents of a child (born in 2002). Pursuant to a 2009 order, respondent (hereinafter the mother)

was awarded sole legal custody of the child and petitioner (hereinafter the father) was awarded parenting time on alternate weekends, and as the parties could agree. In 2013, the father commenced this proceeding seeking modification of the prior custody order to obtain sole custody of the child, asserting instability and domestic abuse in the mother's home. Following a hearing at which multiple witnesses were presented, Family Court granted sole legal and physical custody of the child to the father limited and parenting time to the mother. The mother appeals.

Appellate counsel seeks to be relieved of his assignment of representing the mother on the basis that there are no nonfrivolous issues to be raised. We disagree. As we have previously noted, "[i]t is indeed rare that an *Anders* brief will reflect effective advocacy in a contested case such as this where a trial or full evidentiary hearing has occurred" (*Matter of Taylor v Fry*, 42 AD3d 680, 681 [2007]). In addition to whether it was proper for Family Court to award sole custody to the father, our review of the record reveals at least one additional issue of arguable merit regarding whether the restrictions placed on the mother's parenting time were appropriate. Accordingly, without expressing any opinion as to the ultimate merits, we grant counsel's request and assign new appellate counsel to address this issue and any other nonfrivolous issues that the record may disclose (*see Matter of Michael GG. v Melissa HH.*, 89 AD3d 1291, 1292 [2011]; *Matter of Taylor v Fry*, 42 AD3d at 681).

McCarthy, J.P., Egan Jr. and Clark, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.