Matter of Ulster County Support Collection Unit v McManus (2019 NY Slip Op 00650)





Matter of Ulster County Support Collection Unit v McManus


2019 NY Slip Op 00650


Decided on January 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 31, 2019

526283

[*1]In the Matter of ULSTER COUNTY SUPPORT COLLECTION UNIT, on Behalf of CARRIE LEA McMANUS-BROOKS, Petitioner,
v
CHRISTOPHER P. McMANUS, Appellant. (Proceeding No. 1.)
 ———————————————————————————————
In the Matter of ULSTER COUNTY SUPPORT COLLECTION UNIT, on Behalf of ALICIA A. McCARTHY, Petitioner,
v
CHRISTOPHER P. McMANUS, Appellant. (Proceeding No. 2.)

Calendar Date: January 7, 2019

Before: Egan Jr., J.P., Lynch, Aarons, Rumsey and Pritzker, JJ.


Theodore J. Stein, Woodstock, for appellant.



MEMORANDUM AND ORDER
Aarons, J.
Appeals from six orders of the Family County of Ulster County (McGinty, J.), entered January 26, 2018, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 4, to hold respondent in willful violation of two prior orders of support.
Respondent is the noncustodial parent of three children (born in 2000, 1996 and 1995). Pursuant to a March 2011 consent order, respondent is obligated to pay the mother of his eldest child $62.80 per week in child support. Pursuant to an adjusted order of support dated February 2015, respondent is also obligated to pay the mother of his two youngest children $28 per week. In March 2017, petitioner commenced these child support proceedings on behalf of the children's respective mothers, alleging that respondent had willfully violated the foregoing orders of support and collectively owed the mothers over $13,000 in arrears. After a joint fact-finding [*2]hearing on the petitions, at which respondent proceeded pro se, a Support Magistrate issued two orders of disposition finding that respondent had willfully failed to pay support as directed, recommending against incarceration if respondent continued to make regular and timely support payments and referring the matters to Family Court for confirmation. After several subsequent appearances before Family Court, and upon the court's urging, respondent ultimately requested and was provided with assigned counsel. Despite being represented by assigned counsel, respondent failed to appear at the ensuing confirmation hearing and testimony of one witness was taken in his absence to establish his arrears to date. Thereafter, Family Court issued two orders confirming the Support Magistrate's determination that respondent willfully violated the support orders, as well as two orders entering money judgments in favor of the mothers and two orders of commitment directing respondent's incarceration for two jail terms of six months and 90 days, purgeable by sums of $5,000 and $2,000, respectively (see Family Ct Act § 454 [3] [a]). The father appeals.
Appellate counsel seeks to be relieved of his assignment of representing respondent on the ground that there are no nonfrivolous issues to be raised on appeal (see Anders v California, 386 US 738, 744 [1967]). As we have previously noted, "'[i]t is indeed rare that an Anders brief will reflect effective advocacy in a contested case such as this where a trial or full evidentiary hearing has occurred'" (Matter of Driscoll v Oursler, 134 AD3d 1266, 1266 [2015], quoting Matter of Taylor v Fry, 42 AD3d 680, 681 [2007]; accord Matter of Reynolds v VanDusen, 128 AD3d 1294, 1295 [2015]). Our review of the record reveals at least two issues of arguable merit related to respondent's ability to pay his support obligations and whether he was deprived of his right to the effective assistance of counsel. "Rather than performing the role of advocate, identifying issues and vigorously arguing the client's position on them, assigned counsel here appears to have found it sufficient to review the record in order to conclude and advise the [C]ourt on the ultimate merit of [respondent's] appeal" (Matter of Taylor v Fry, 42 AD3d at 680-681 [internal quotation marks and citation omitted]). Accordingly, without expressing any opinion as to the ultimate merit of the aforementioned issues, we grant counsel's request for leave to withdraw and assign new counsel to address those issues and any others that the record may disclose (see Matter of Driscoll v Oursler, 134 AD3d at 1266; Matter of Reynolds v VanDusen, 128 AD3d at 1295; Matter of Michael GG. v Melissa HH., 89 AD3d 1291, 1292 [2011]; Matter of Taylor v Fry, 42 AD3d at 681).
Egan, Jr., J.P., Lynch, Rumsey and Pritzker, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.