People v Cosme (2022 NY Slip Op 00952)





People v Cosme


2022 NY Slip Op 00952


Decided on February 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 10, 2022

Before: Kapnick, J.P., Gesmer, González, Kennedy, Shulman, JJ. 


Ind No. 747/15 Appeal No. 15175 Case No. 2018-5425 

[*1]The People of the State of New York, Respondent,
v
Samuel Cosme, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Harold V. Ferguson, Jr. of counsel), for appellant.



Appeal from judgment, Supreme Court, Bronx County (Steven L. Barrett, J.), rendered March 24, 2017, convicting defendant, upon his plea of guilty, of reckless endangerment in the first degree, and sentencing him to five years' of probation, held in abeyance, the application of assigned counsel to withdraw on the ground that the appeal is wholly frivolous (People v Saunders, 52 AD2d 833 [1976]) granted to the extent of relieving counsel, assigning Robert Dean, the Center for Appellate Litigation, as new counsel, and enlarging the time to reperfect the appeal to the September 2022 Term of this Court.
Counsel's letter to defendant explaining to him the expected consequences of counsel's Saunders brief was inadequate because it was written in English while the record reflects that defendant was aided by an interpreter at the plea proceeding, his signed waiver of the right to appeal was in Spanish, and there is nothing to indicate that defendant understood counsel's letter or that anything was done to communicate its substance to him in Spanish (see e.g. People v Rodriguez, 11 AD3d 347 [1st Dept 2004]).
Furthermore, counsel's brief fails to give a recitation of the underlying facts or analyze all the issues presented in the record, particularly regarding issues as to defendant's mental health that are not necessarily reflected in the actual plea colloquy. While we express no opinion with respect to the merit, or lack thereof, of any possible issue, counsel's submission is inadequate to demonstrate that a conscientious examination of the record and the applicable law has been performed (see People v Stokes, 95 NY2d 633, 636-37 [2001]). Since this Court's review cannot substitute for the single-minded advocacy of appellate counsel, a new assignment of counsel and reconsideration of the appeal is required (see People v Bueno, 104 AD3d 519, 520 [1st Dept 2013]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 10, 2022