Matter of Christopher F. v Janine F. (2024 NY Slip Op 01506)

Matter of Christopher F. v Janine F.

2024 NY Slip Op 01506

Decided on March 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2024

Before: Singh, J.P., González, Scarpulla, Higgitt, Rosado, JJ. 

Docket No. V-02778-16/19D Appeal No. 1864 Case No. 2021-01059 

[*1]In the Matter of Christopher F., Appellant,
v
Janine F., Respondent.

Larry S. Bachner, New York, for appellant.
Janet Neustaetter, The Children's Law Center, Brooklyn (Leah Edmunds of counsel), attorney for the children.

Appeal from order, Family Court, Bronx County (Jennifer S. Burtt, Referee), entered on or about March 5, 2021, which, after a hearing, denied petitioner father's petition to modify the custody order to award joint custody of the children based on a change of circumstances, held in abeyance, the application of the father's assigned counsel to withdraw granted to the extent of relieving the father's counsel, striking the brief filed by the father's counsel, and assigning new counsel to perfect the appeal upon the complete record by the October 2024 Term of this Court.
Contrary to the arguments made by assigned counsel and the attorney for the children, the order on appeal, which made a determination on custody, was not rendered moot or academic by the court's June 17, 2021 order. Rather, the June 17 order, which addressed the issue of visitation, specifically states that it was "without prejudice to the father's appeal of the Court's denial of his request to modify the prior award of sole legal custody." As a result, the June 17, 2021 order did not supersede the order on appeal (cf. Matter of Hyland P. v Ericka B., 187 AD3d 662, 662 [1st Dept 2020]).
However, a new assignment of counsel and reconsideration of the appeal upon a full record is required (see People v Bueno, 104 AD3d 519, 520 [1st Dept 2013]). Assigned counsel's brief lacks any recitation of the underlying facts and testimony from the custody hearing and does not analyze any issues that may have resulted. Moreover, the record before us is inadequate, in that most of the evidence adduced during the custody hearing is missing. As a result, we are unable properly to evaluate assigned counsel's assertion that there are no nonfrivolous arguments to be raised on appeal (see Anders v California, 386 US 738 [1967]; People v Saunders, 52 AD2d 833 [1st Dept 1976]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2024