THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAKIM PAULIN, Appellant. [918 NYS2d 368]—

Contrary to the defendant's contention, the County Court did not err in determining, after a hearing, that the defendant was "fit to proceed" (*see* CPL 730.10). The burden of proof is on the prosecution to establish a defendant's competence, and the burden requires that fitness to stand trial be established by a preponderance of the evidence (*see People v Mendez*, 1 NY3d 15, 19 [2003]). A competency inquiry involves a legal, not a medical, determination (*id.* at 20). We are satisfied that the prosecution met its burden and perceive no basis upon which to disturb the County Court's determination.

Since the defendant failed to move to withdraw his plea prior to sentencing, his current contention that the plea was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Toxey*, 86 NY2d 725, 726 [1995]; *People v LeGrady*, 50 AD3d 1059, 1060 [2008]). This is not a case "where the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (*People v Lopez*, 71 NY2d 662, 666 [1988]; *see People v McNair*, 13 NY3d 821 [2009]). In any event, the record demonstrates that the defendant's plea of guilty was entered "voluntarily, knowingly and intelligently" (*People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *see People v Goldstein*, 12 NY3d 295, 301 [2009]; *People v Seeber*, 4 NY3d 780, 781 [2005]).

The defendant was not deprived of the effective assistance of counsel, as the record reveals that defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d

708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Dillon, J.P., Florio, Dickerson and Cohen, JJ., concur.