█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMELL GIBSON, Also Known as JERMELL GIBSON, Appellant. [931 NYS2d 529]—

The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review, since he did not move to withdraw his plea on that ground prior to sentencing (*see* CPL 470.05 [2]; *People v Jones*, 84 AD3d 1409, 1410 [2011]; *People v Paulin*, 82 AD3d 910 [2011]). In any event, the record demonstrates that the defendant's plea of guilty was entered knowingly, voluntarily, and intelligently (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Paulin*, 82 AD3d at 910).

The defendant's contention that he was deprived of the effective assistance of counsel is without merit (*see People v Ford*, 86 NY2d 397, 404 [1995]).

The defendant's contention that his sentence was excessive is without merit. The defendant received the minimum sentence allowable for a second felony offender convicted of a class C violent felony offense (*see* Penal Law § 70.06 [6] [b]; *People v Berrouet*, 84 AD3d 1392 [2011], *lv denied* 17 NY3d 813 [2011]; *People v Seabrooks*, 82 AD3d 1130, 1132 [2011]). Rivera, J.P., Florio, Dickerson and Lott, JJ., concur.