People v Arrington (2021 NY Slip Op 01268)





People v Arrington


2021 NY Slip Op 01268


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-01654
 (Ind. No. 2406/18)

[*1]The People of the State of New York, respondent,
v
Andre Arrington, appellant.


Paul Skip Laisure, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Denise Pavlides, and Cindy Horowitz of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Laura R. Johnson, J.), rendered December 20, 2018, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant asserts that his plea was not knowing, voluntary, and intelligent. However, the defendant failed to preserve this contention for appellate review (see People v Davis, 24 NY3d 1012, 1013; People v Lopez, 71 NY2d 662, 665-666). To the extent that the defendant's statements during his sentencing hearing could be construed as a motion to withdraw his plea, the defendant's current arguments are nevertheless unpreserved, as the substance of these statements do not form the basis for the arguments he now raises on appeal (see People v Johnson, 170 AD3d 1195, 1196; People v Telfair, 144 AD3d 712, 712). Moreover, contrary to the defendant's contention, the exception to the preservation requirement does not apply here because the defendant's allocution did not "cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea" (People v Ramos, 164 AD3d 922, 922-923; see People v Davis, 24 NY3d at 1013). In any event, the record establishes that the defendant's plea was knowingly, voluntarily, and intelligently entered (see People v Fiumefreddo, 82 NY2d 536; People v Ringler, 178 AD3d 959, 960).
RIVERA, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court