People v McPartland (2021 NY Slip Op 05592)





People v McPartland


2021 NY Slip Op 05592


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
BETSY BARROS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2019-09927
 (Ind. No. 19/18)

[*1]The People of the State of New York, respondent,
v
Michael McPartland, appellant.


Paul N. Weber, Cornwall, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Robert H. Freehill, J.), rendered July 23, 2019, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
To the extent that the defendant challenges the knowing and voluntary nature of his plea of guilty, this argument is unpreserved for appellate review, as the defendant did not move to withdraw his plea of guilty or vacate the judgment of conviction (see People v Davis, 24 NY3d 1012, 1013; People v Lopez, 71 NY2d 662, 665). To the extent that the defendant's statements during his sentencing hearing could be construed as a motion to withdraw his plea, the defendant's current arguments are nevertheless unpreserved for appellate review, as the substance of those statements do not form the basis for the arguments he now raises on appeal (see People v Arrington, 192 AD3d 700). We decline to reach those unpreserved contentions in the exercise of our interest of justice jurisdiction.
The defendant's contention that his sentence was excessive is without merit. The defendant, as a second felony offender, received the minimum sentence allowed by law (see Penal Law §§ 70.04[3][b]; 265.03; People v Gibson, 88 AD3d 1011).
CHAMBERS, J.P., BARROS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court